## ESTEY vs. SHECKLER and others.

PRACTICE IN SUPREME COURT.   *Rule as to remitting cause to trial court.*
*Cause so remitted, no longer under control of this court.*

1. Under sec. 7, ch. 264, Laws of 1860, the clerk of this court is required
   to remit to the court appealed from, the appeal papers in the cause,
   together with the judgment or decision of this court therein, *within
   thirty days* after the same shall have been made, unless this court, on
   the application of one of the parties, shall direct them to be retained
   for the purpose of enabling such party to move for a rehearing.
2. Where an appeal is dismissed by this court under its fourth rule (for
   the appellant's failure to cause the proper returns to be made and filed
   here within twenty days after the perfecting of the appeal), the order
   of dismissal is the "decision" of this court in the cause, within the
   meaning of said act of 1860; and it is the duty of the clerk, unless
   otherwise directed by the court, to remit the papers to the court be-
   low within thirty days after such order is made, if they are then on
   file here.
3. After the appeal papers in a cause have been *regularly remitted* to the
   court below, they are no longer under the control of this court, and
   cannot be brought back, except by another appeal.
4. Appeal perfected July 8th; order of dismissal under Rule 4, July 30th;
   certified copy of such order filed with clerk of circuit court, August

Estey vs. Sheckler and others.

3d, and notice of the order served on appellant's attorney. Final judgment against appellant for costs entered in this court September 1st (no motion to reinstate the appeal having then been made); and the record (which in the meantime had been filed here), with the *remittitur*, returned to and filed in the circuit court September 4th. Motion to reinstate made here September 7th, with proof that neither appellant nor his attorney was in fault in not causing the proper returns to be seasonably made to this court. *Held*, too late.

5. This being the first time this court has been called upon to construe sec. 7 of the act of 1860, and its practice having hitherto been different from that here indicated, the motion is denied *without costs*.

APPEAL from the Circuit Court for *La Fayette* County.

Motion to vacate an order and judgment of dismissal entered under Rule 4. The case is stated in the opinion.

*Orton & Osborn*, for the motion.

*H. S. Magoon, contra.*

COLE, J. This is a motion to vacate an order and judgment of dismissal, entered under Rule 4, because the appellants failed to cause the proper returns to be made and filed with this court within twenty days after perfecting the appeal. It appears that the appeal was perfected on the 8th day of July last, and that the order of dismissal was entered as authorized by the rule July 30th — the return not then having been filed with the clerk of this court. It further appears that a certified copy of the order of dismissal was filed with the clerk of the circuit court about the 3d day of August, and notice of such dismissal was served on the attorneys of the appellants. On the 1st of September, no motion to reinstate the appeal having been made, final judgment was entered in this court for costs against the appellants, and the record — which in the meantime had been filed in this court, — together with the *remittitur*, was returned to and filed in the office of the clerk of the circuit court, September 4th. Subsequently, on the 7th of September, notice of this motion to reinstate the appeal was given. The affidavits in support of the motion show that the record was

mislaid, and that the clerk of the circuit court could not find it so as to make return in time ; and that neither the appellants nor their attorneys were in fault in not causing the proper re- turns to be made. Under these circumstances the counsel for the appellants claims and insists that in conformity with the practice of this court as it has existed for more than twenty years, the appeal should be reinstated, upon terms, and the record be recalled from the court below. He argues that this court has power to vacate all orders and judgments made during the term, and restore the parties to their former condition ; and that this power should be exercised to reinstate the appeal and to cause the return of the record.

I believe the counsel is quite right in his statement in regard to the practice as it has heretofore obtained. Under that practice, though the appeal was dismissed under the rule, yet, if the record was returned here, it was usually retained in this court until the close of the term, when final judgment was entered. And the practice in respect to the reinstatement of appeals thus dismissed has been exceedingly liberal.

But our attention was called to sec. 7, ch. 264, Laws of 1860, which seems to regulate the practice on this subject, and is controlling. That section, among other things, provides that the clerk of the supreme court shall remit to the court from which the appeal was taken, the papers transmitted to the supreme court on the appeal, together with the judgment or decision of the supreme court thereon, *within thirty days* after the same shall have been made, unless the supreme court, on the application of either of the parties, shall direct them to be retained, for the purpose of enabling such party to move for a rehearing.

It will be observed that this provision makes it the duty of the clerk to remit the record *within thirty days* after the decision or final judgment, and has the effect to abolish the practice of retaining the papers until the close of the term. For we suppose properly judgment should be entered against the appellants for costs on the dismissal of the appeal, which in contem-

plation of law is the final judgment or decision in the cause. In this case the order of dismissal must be deemed the decision on the appeal.

The counsel, however, contends that this provision was not intended to apply to this class of decisions or judgments, but only to those judgments rendered upon actual consideration and determination of the judicial mind. But the statute makes no such distinction, and we cannot. Besides, it would be unreasonable to suppose the legislature intended to favor appeals. which were not diligently prosecuted, by allowing the papers to be retained in this court months after such appeals were dismissed, while in causes actually considered and decided it was made the peremptory duty of the clerk to transmit them to the court below within thirty days after the decision or final judgment, unless they were retained for the purpose of enabling a party to move for a rehearing. We therefore must hold in this case that the papers were regularly transmitted to the court below after the expiration of thirty days from the entry of the order of dismissal. And, having been regularly remitted, we know of no way to get them back again except by another appeal. *Ogilvie v. Richardson,* 14 Wis., 163.

There is nothing in this view inconsistent with the position of counsel, that a court, during the term, has entire control over its orders and judgments, and may modify and vacate them in order to do substantial justice between the parties. *Servatius v. Pickel,* 30 Wis., 507. For a sufficient reason the court might perhaps vacate the order of dismissal; but *cui bono?* This would not enlarge the power of this court to order the papers to be returned when they have been regularly remitted.

It is to be regretted that counsel were misled by the improper practice which has heretofore existed in respect to these causes, and for which the court is more responsible than anybody else. The practice of retaining the papers until the close of the term has certainly prevailed since I have been upon

the bench ; but, under the law of 1860, we are satisfied it is wrong.

The motion must be denied, but without costs. This is the first time we have been called upon to construe the law of 1860, above referred to, and to change the practice. We therefore think no costs should be given to the respondent on denying the motion.

*By the Court.* — 'Ordered accordingly.