PIERCE vs. KELLY, imp.

PRACTICE IN SUPREME COURT.   *Rehearing.   When this court loses appellate jurisdiction of a cause.*

1. Under sec. 7, ch. 264 of 1860, this court loses jurisdiction of appeals in thirty days after judgment on them here, unless the jurisdiction is re-

tained by order of the court for the purpose of a motion for rehearing, made within that time *(Pringle v. Dunn, ante,* p. 435); and this applies where the judgment here is one dismissing the appeal for noncompliance with the rules.

2. Where a motion for a rehearing is made after this court has lost jurisdiction of the action, it cannot entertain the motion, nor deny it with costs; and in such a case it denies the motion without costs. ·

APPEAL from the Circuit Court for *Racine* County.

This case was submitted on the record, printed case and briefs, on the 3d of March, 1876; and on the 21st of the same month the court made an order dismissing the appeal, "because the printed case is materially defective and fails to comply with the rule." On the 13th of April following, the appellant's attorneys served on those of the respondent notice of a motion to be made on the 18th of that month, or as soon thereafter as they could be heard (based on an affidavit annexed to the notice and the papers filed in the cause) for an order reinstating the cause upon the calendar, and for leave to perfect the printed case, etc. The annexed affidavit of one of the appellant's attorneys stated facts to explain and excuse the defects of the printed case, and also stated that the appellant had a good and substantial defense on the merits, etc. While the motion to reinstate was pending, one of the justices of this court, upon the further affidavit of appellant's attorney, directed an order to be entered, retaining the record until the motion should be disposed of; and on the 18th of April, the respondent's attorneys stipulated that such motion might be heard on the next motion day of this court, and that the record be retained here until the motion was disposed of.

The motion was submitted on the 28th of April, and the following opinion was filed on the 23d of May:

PER CURIAM. This motion comes too late. In *Pringle v. Dunn, ante,* p. 435, it was held that under sec. 7, ch. 264 of 1860, this court loses jurisdiction of appeals in thirty days after

judgment on them here, unless the jurisdiction is retained by order of the court for the purpose of a motion for rehearing, made within that time. The statute makes no other exception, and the court has no power to add others to the statute. And in cases of dismissal for noncompliance with the rules, the judgment of dismissal is a judgment on the appeal within the meaning of the statute. *Estey v. Sheckler*, 36 Wis., 434. No stipulation of the parties, and no order except on a motion and for the purpose of rehearing, is of any avail, under the statute, to retain the appeal here or to prolong the jurisdiction of the court over it.

Thirty days after the dismissal in this case had elapsed before this motion was made. And the court had lost jurisdiction to entertain the motion, or to deny it with costs.

The motion is therefore denied, without costs.