BONIN vs. THE GREEN BAY & MINNESOTA RAILWAY COMPANY.

*Practice in supreme court.*

Where a judgment is reversed under the rule, for nonappearance for the respondent, under an erroneous belief of the court that the appellant has complied with the rule as to printing and serving his case and brief, a motion, made within thirty days, to vacate the judgment and reinstate the cause, will be granted; and, if not granted within the thirty days, is sufficiently in the nature of a motion for rehearing to authorize an order directing the clerk of this court to retain the record, within the statute. *Pierce v. Kelly,* 39 Wis., 568, distinguished.

APPEAL from the Circuit Court for *Outagamie* County.

When this cause was called in its order, November 21, 1877, there being no appearance for the respondent, the court, without motion, reversed the judgment with costs, under rule 17. On the 15th of December following, the respondent's counsel moved to vacate the judgment of reversal; and filed in support

of the motion an affidavit, which states, among other things, that no bill of exceptions was ever settled in the cause; that no printed or other case, and no printed or other brief for the appellant, was ever served or filed therein; and that the cause had not been noticed for argument at this term by the appellant. On the 19th of the same month, an order was entered retaining the papers in this court until the motion should be heard. On the 4th of January, 1878, the motion was argued by *S. U. Pinney* for the respondent, and *T. B. Chynoweth*, contra.

No brief for the motion is found on the files. For the appellant it was argued, in opposition to the motion, that the court loses all jurisdiction of a cause after thirty days from a decision of the appeal, unless the papers are retained by order of the court for the *purpose of a motion for a rehearing* (Tay. Stats., ch. 139, § 7; *Pringle v. Dunn*, 39 Wis., 435; *Pierce v. Kelly*, id., 568; *Estey v. Sheckler*, 36 id., 434); which motion must be filed within the thirty days; and submitted on printed arguments, the moving party making ten days service of such argument on his part part before submitting it (rule 20); that reversal or affirmance under rule 17 is a judgment or decision on the appeal *(Pierce v. Kelly* and *Estey v. Sheckler, supra);* that this court will entertain no motion not made *and heard* within the thirty days, except to correct mistakes in its own record (rule 21; *Knox v. Clifford*, 41 Wis., 458); and that, as the reversal under rule 17 for nonappearance and failure to *submit*, is without reference to the merits, and counsel for the appellant will not even be heard *(Butts v. Fenelon*, 38 Wis., 664), the absence or presence of case and briefs is immaterial.

RYAN, C. J. We should deplore a failure of jurisdiction to retain this appeal and restore it to the calendar. For the reversal under the rule, for nonappearance for the respondent, when the cause was called in its order, was due to our own failure to ascertain positively whether the counsel for the ap-

pellant had printed and served his case and brief, to entitle him to the reversal. We assumed that counsel, taking advantage of his opponent's failure to comply with the rule, had himself complied with it. , In this it now appears that we were mistaken. We trust that we may not again be so misled.

We were at first apprehensive that this motion might be governed by *Pierce v. Kelly*, 39 Wis., 568. But a little reflection satisfied us that the cases are clearly distinguishable. *Pierce v. Kelly* had been heard, and dismissed upon hearing. The remedy of the appellant in that case, if any he had, was, as in any case of dismissal upon hearing, by ordinary motion for rehearing under rule 20. And because he failed to make that motion within thirty days after judgment, the court lost jurisdiction of the appeal; and the order to retain the record was not within the statute.

In this case, however, the appeal has not been heard. The judgment was reversed under rule 17, without hearing. And the present motion is in effect for the hearing of the appeal. In such a case, the ordinary motion for rehearing would be unavailing, because no affidavit, nothing but the record and briefs founded on the record only, could be considered on the motion. A motion like the present ought properly, and indeed necessarily, to be founded on affidavit and made orally at the bar. And if not granted within thirty days after judgment, it is sufficiently in the nature of a motion for rehearing, to authorize the order retaining the record within the statute.

Indeed, the rules are defective in not providing for such a motion, as in the nature of a motion for rehearing, so as to authorize an order retaining the record. And it will be the practice hereafter, when such a motion is made, in such a case, within thirty days after judgment, to treat it as a motion in the nature of a motion for rehearing, and to direct an order retaining the record until the determination of the motion, as was done in this case.

*By the Court.* — The motion is granted.