WEBSTER, Respondent, vs. WEBSTER, Appellant.

*October 20 — November 3, 1885.*

**Divorce: Division of property: Modification of judgment after term: Equitable division.**

1. A judgment of divorce and for a division of the husband's estate, so far as it vests title to his real estate in the wife, is final and cannot be modified by the trial court after the term at which it is rendered. ,

2. In a case where the husband's estate was of small value, the wife was in feeble health, and the husband was able to earn his own support, it is *held* that it was not inequitable, in granting a divorce to the wife, to set apart to her the homestead, although it was of greater value than the remainder of the estate. ,

APPEAL from the County Court of *Milwaukee* County.

Action for a divorce, brought by the wife. A judgment in her favor for a divorce and a division of the defendant's property, was rendered December 22, 1884. February 2, 1885, defendant petitioned for a modification of the judgment, and an order denying such petition was made February 6. The defendant appealed from such order and also from the judgment.

For the appellant the cause was submitted on the brief of *Pike & VanKeuren.*

For the respondent there was a brief by *Weisbrod, Hurshaw & Nevitt,* and oral argument by *Mr. Weisbrod.*

TAYLOR, J. This is an action brought on the part of the respondent against the appellant, demanding a judgment of divorce from the bonds of matrimony and for alimony and a partition of the real estate owned by the defendant in the city of Oshkosh between the plaintiff and the defendant. The charge made against the defendant is his failure to provide a proper support for the plaintiff. The county court found in favor of the plaintiff, granted a divorce, and awarded to the plaintiff the house occupied by the parties as a homestead, and one fourth of an acre of land in said city upon which such house is situated. This house and land is worth the sum of about $1,350, and was all the property awarded to the plaintiff. The evidence tends to show that the defendant had no other property except three fourths of an acre of land in said city of Oshkosh, adjoining the quarter acre set off to the plaintiff, which was worth about $650. There was also a paid-up life insurance policy for $1,040 on the life of the defendant, payable to the wife on his death. The defendant is about fifty-seven years old, and the wife is in feeble health.

It is claimed by the appellant that the partition of the property of the husband between himself and his divorced

wife is unjust and inequitable, and that this court ought to modify the judgment of the county court and make it more favorable to him in this respect.  By his not appealing from the judgment of divorce he admits the justice thereof and his violation of his duty as a husband.

The power of the court to partition the real property of the husband in an action of divorce, and vest the title of a part of such real estate in the divorced wife in lieu of giving her alimony proper, to be paid at stated intervals by the husband, is not denied.  This court has frequently declared that such power exists under our laws.  *Donovan v. Donovan*, 20 Wis. 586; *Bacon v. Bacon*, 43 Wis. 197, 202; *Hopkins v. Hopkins*, 40 Wis. 462; *Williams v. Williams*, 36 Wis. 367; *Damon v. Damon*, 28 Wis. 510, 516; *Wilke v. Wilke*, 28 Wis. 296, 299.  The judgment, so far as it divests the title to the real estate of the husband and vests it in the wife, is final, and cannot be modified on petition to the court making the same after the expiration of the term at which the judgment was entered.  See *Bacon v. Bacon*, 43 Wis. 210; *Hopkins v. Hopkins, supra*.  The order of the county court refusing to modify its original judgment, appearing to have been made at a subsequent term of the court, was properly made, therefore, without regard to the merits of the case.  Upon the appeal from the judgment, the part of the judgment divesting the title of the appellant to the homestead and vesting it in the plaintiff may be reviewed by this court, and reversed or modified if found unjust or inequitable.  From the record returned to this court, it appears that nearly all the evidence bearing upon this question, contained in the bill of exceptions, was given on the trial of the action, and not in support of the petition for a modification of the judgment.  The merits of the controversy are therefore before this court, although we may not be at liberty to consider the evidence produced in support of the petition for a modification of the judgment.

In the consideration of the question presented by this appeal, it is evident that no general rules can be adopted declaring what part or share of the property of the defendant may be set apart to the wife in an action for divorce in lieu of alimony in a proper sense. A case might occur where it would be eminently proper to divest the title to all the real estate of the husband and vest the same in the wife, especially where the husband is in fault, causing the judgment for divorce. The real estate of the guilty husband may be all his visible property, and that may be of so little value as to furnish a very inadequate provision for the divorced wife, and still she may choose to take that rather than rely on an order of the court requiring the husband to pay alimony. The ability of the husband to earn money for his own support, or for the support of his wife, may be so limited that it would be better for both parties that no order for support be made, and that in lieu thereof the real property be given to the wife.

Every case must depend upon the peculiar circumstances of the parties and the value of the estate of the husband; and when the estate of the husband is of small value, the wife in feeble health, and he has sufficient ability to earn his own support, it does not appear to us inequitable that the homestead should be set apart to her, even though it be of greater value than the remainder of his estate. In the case of *Donovan v. Donovan*, 20 Wis. 586, all the real estate of the husband being a farm of 200 acres of land of the value of $3,000, subject to a mortgage of $900, together with all the household furniture, was set apart to the wife, leaving the husband personal property not exceeding the value of $1,000; and this court say that it appearing that the husband was able to earn his own support, it was impossible for this court to say that "the court did not exercise a sound discretion and apportion the property, real and personal, upon just and equitable principles." The property

awarded to the plaintiff in this case is a very inadequate provision for her support in her feeble state of health, and had the estate of her husband been of greater value, undoubtedly a much larger provision would have been made for her. We think there is nothing unjust in the award made by the county court, and that the judgment and order appealed from should be affirmed.

*By the Court.*— The judgment and order of the county court appealed from are affirmed.