THOMPSON, Appellant, vs. THOMPSON, Respondent.

*November 14 — December 4, 1888.*

*Divorce: Final division of estate: Allowance to husband: Modification of judgment: Jurisdiction:* Res adjudicata.

1. A judgment of divorce giving to the plaintiff wife all the property, real and personal, and confirming in her the title to the homestead (the title to which had been taken in her name although the husband had bought and paid for it), makes a final division and distribution of the estate of the husband, within the meaning of sec. 2364, R. S., although it also directs that the plaintiff pay to the defendant the sum of $42 per year until further order, and that the same be a lien upon the homestead.   [Whether the court had power to make such allowance to the husband, the divorce having been granted on the ground of his drunkenness and cruelty, not determined.]

2. A modification of such judgment after the term and more than one year after its rendition. requiring the plaintiff to pay an additional $600 to the defendant and to give a mortgage of the homestead to secure such payment, is without jurisdiction and void.   And although such modification is afterwards vacated and then again re-established, it does not become *res adjudicata,* but may be set aside at any time.

APPEAL from the Circuit Court for *Dodge* County.
The facts are sufficiently stated in the opinion.
For the appellant there was a brief by *Lander & Lander* and *W. G. Coles,* and oral argument by *H. W. Lander.*

Thompson vs. Thompson.

*G. W. Stephens*, for the respondent, contended, *inter alia*, that the provision made in the original judgment for the plaintiff is alimony to her, which is subject to modification and revision at any time by the court. *Blake v. Blake*, 68 Wis. 303; *Coad v. Coad*, 41 id. 23; *Thomas v. Thomas*, id. 229; *Williams v. Williams*, 29 id. 517. The fact that, by the original judgment, the plaintiff was ordered to pay the defendant $42 annually *until further order*, shows that there was no final division and distribution of the estate. This $42 was the annual interest on $600 which the court found the defendant was entitled to in the real estate, and the $42 was made a lien on the real estate.

ORTON, J. The plaintiff commenced suit against the defendant for divorce, charging him in her complaint with being an habitual drunkard and with cruel and inhuman treatment, and the court found the defendant guilty of the acts as charged and alleged in the plaintiff's complaint; and at the September term of the court, 1884, on the 24th day of January, 1885, ordered and adjudged that the marriage between the plaintiff and defendant be dissolved, and the parties and each of them freed from the obligations thereof. It seems that the defendant purchased and paid for a certain forty acres of land, and caused the conveyance thereof to be made to the said plaintiff, and they occupied the same as a homestead. The court further ordered and adjudged that the said plaintiff retain possession of all the property, both real and personal, except the wearing apparel of the defendant, and the title of the real estate confirmed. It was further ordered and adjudged that the plaintiff pay to the defendant the sum of $42 a year, and that the same be a lien upon the real estate, etc., until the further order of the court. About the 15th day of July, 1887, G. W. Stephens, Esq., filed a petition on behalf of the defendant to modify the above judgment; and the court on the 29th

Thompson vs. Thompson.

day of July, 1887, modified said judgment as follows: The above finding is repeated; and the court further found that the interest of the defendant in the said forty acres of land is $684, and interest at seven per cent. per annum on the $600 from the 2d day of January, 1887. The $84 in the finding is supposed to be two years' interest on $600 embraced in the first judgment and remaining unpaid. Then the court repeats the original judgment of divorce, and the judgment that the plaintiff retain possession of all the property, real and personal; and adjudged that the defendant have an interest in said land of $684, and that it be a lien thereon; and that said land be chargeable therewith, and that the plaintiff, within thirty days, execute a mortgage on the same to said Stephens, as trustee, to secure the same,— the $84 as due, and the $600 to be payable seven years from January 2, 1887; the interest payable annually. In case the plaintiff neglects or refuses to execute said mortgage within thirty days, then it is ordered and adjudged that the sheriff sell said land upon giving public notice, and make a deed to the purchaser, and from the proceeds thereof pay said $684 and interest, and the balance to the plaintiff, and that the plaintiff pay said Stephens $10 within thirty days as the costs of the motion. On the 15th day of October, 1887, on motion of the plaintiff, the above modification of the original judgment was vacated and set aside; and on the 21st day of October, 1887, this last order was vacated, and the modification re-established. Then on the 8th day of May, 1888, the plaintiff moved to vacate and set aside the above modified judgment of July 29, 1887, and all proceedings since the original judgment dated January 24, 1885. From the order denying said motion this appeal is taken.

This, to say the least, is a strange record. We only know from the brief of the respondent's counsel that the court dismissed the order to show cause, which constituted the

motion of the appellant to set aside and cancel the modified judgment, on the ground that the matter was *res adjudicata.* It is proper to say that this modification, made more than two years and after several terms of the court after the term at which the original judgment was entered, did not change it so far as the divorce itself was concerned, although the plaintiff is favored with a new finding that the facts of habitual drunkenness and cruel and inhuman treatment were established by the evidence, and a new judgment of divorce and of assignment to the plaintiff of all the property, both real and personal, and of the confirmation to her of the real estate, is repeated and re-entered. That judgment, in these respects at least, ought to be strong and conclusive enough to stand and be final. There can be no question but that the part of the original judgment which gives to the plaintiff all the property, both real and personal, and confirms in her the title to the forty-acre homestead, is a *final* division and distribution of the estate, both real and personal, authorized by sec. 2364, R. S. That statute makes such a judgment final, and it is final to the extent, at least, that any change or modification of it is beyond the jurisdiction of the court after the term or one year, like other final judgments. *Barker v. Dayton,* 28 Wis. 367; *Bacon v. Bacon,* 43 Wis. 197. It was therefore a question of jurisdiction raised by the motion, and always open for the consideration of the court. The court had no jurisdiction at the time to so modify said judgment, and such modification was void for that reason, and it may be shown at any time, and the objection for that reason cannot be waived. *Rape v. Heaton,* 9 Wis. 328; *Falkner v. Guild,* 10 Wis. 563; *Sayles v. Davis,* 20 Wis. 302; *Damp v. Dane,* 29 Wis. 419. The motion was therefore not too late, and the matter was not *res adjudicata.* What the allowance of $42 a year to the defendant to be paid by the plaintiff was for we are not advised, for there was no find-

ing in relation to it. It was certainly not as *alimony*, for there is no such thing as alimony to the husband, at least by our statute. That allowance or that part of the judgment, if it can be called such, was properly made subject to " *the further order of the court*," and the amount could therefore be reduced or discontinued, but not increased, at any time. It is made a lien upon the land. Whether the court had power to make such an allowance to the defendant husband, after granting the plaintiff wife a divorce on the ground of habitual drunkenness and cruel and inhuman treatment, is not a question before us on this appeal, but it would seem to be at least questionable. But there can be no question but that the court had no power to incumber the land decreed to the plaintiff by the original judgment, by an additional $600 to be paid by the plaintiff, or require her to mortgage the land to secure it or the $42 in arrears; for this most materially affects her title and was beyond the jurisdiction of the court, as we have seen. The order, therefore, modifying said judgment was void, and the court ought to have granted the motion to vacate and set aside the same.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded with direction to vacate, set aside, and cancel the said order dated July 29, 1887, and all proceedings subsequent to the original judgment dated January 24, 1885.