### BILL MCCLELLAND V. THE STATE.

No. 10843.   Delivered May 18, 1927.

Rehearing denied June 15, 1927.

1.—Sale of Intoxicating Liquor — Charge of Court — On Circumstantial Evidence.

Where, on a trial for the sale of intoxicating liquor, prosecuting witness testified positively that he bought a bottle of whiskey from appellant, and identified him as being the man whom officer Mitchell arrested just after the purchase. Mitchell identified appellant as the man whom he arrested at the same time that he arrested prosecuting witness, who had a bottle of whiskey in his possession. Under these facts a charge on circumstantial evidence was not necessary.

ON REHEARING.

2.—Same—No Error Presented.

On rehearing, a careful re-examination of the record impresses this court that the original opinion holding that a charge on circumstantial evidence was not necessary, was the proper disposition of this case, appellant's motion for rehearing is overruled.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BETHEA, JUDGE. — The appellant was convicted for the offense of selling intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The proof for the state shows a sale of one pint of intoxicating liquor to F. E. Crawford on or about the 14th of October, 1926. The appellant offered no evidence.

There are in the record for our consideration fifteen bills of exception.

Appellant's first bill of exception complains of the refusal of the learned trial judge to give a special charge submitting the law of circumstantial evidence. The qualification of the trial judge to this bill shows that the witness F. E. Crawford testified that on the day alleged in the indictment he met the appellant, whom he identified positively, and asked the appellant if he "could get a pint;" that the appellant went into a domino parlor; that witness followed the appellant to the back end of the parlor where, Crawford testified, "he gave me this bottle of whiskey," for which Crawford then paid the appellant $3.50; that witness was not personally acquainted with the appellant, but (witness stated positively) that the man who had this transaction with him was the man who was arrested by the officer Mitchell. Mitchell testified positively that he arrested the appellant and witness Crawford together in the domino parlor where Crawford stated he purchased the whiskey from appellant; that he, Mitchell, took from the witness Crawford the bottle of liquor and turned it over to the sheriff's office; that the persons he arrested in the domino parlor were the appellant and the witness Crawford. The witness Sam Ramsey testified that he, as deputy sheriff, received the bottle which the state introduced in evidence and which was identified by the other witnesses as the bottle seized by officer Mitchell from witness Crawford in the domino parlor at the time of said arrest; that when he received the bottle he endorsed thereon: "Bill McClelland, seized 10-14-26 by Mitchell;" that this was done on October 14, 1926, the day the witnesses testified the transaction in the domino parlor occurred; that it was whiskey in the bottle. Crawford having testified positively that he bought a bottle of liquor from a man who was the man arrested by Mitchell, and Mitchell having testified positively that the man he arrested with Crawford was the appellant, and that he turned the bottle of liquor over to the sheriff, and Sam Ramsey having testified positively that the bottle described had been in his custody since it was delivered to him by Mitchell, and that its contents was whiskey, made the case one of positive and not circumstantial evidence. With this qualification by the learned trial judge, this bill presents no error.

The remaining bills of exception, as presented, show no error. The judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Morrow, P. P., absent.

## ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Appellant reiterates his complaint of the failure of the court to instruct the jury upon the law of circumstantial evidence, stating in his motion that the court's qualification to his bill of exceptions, which was referred to in the original hearing, is not in accord with the facts. An examination of the statement of facts reveals the following:

The witness Crawford, seeing a person upon the street, asked if he could get a pint. The party went into the rear of a domino parlor. The witness followed and received from the person a bottle of whiskey, for which he paid him $3.50. The witness declined to identify the appellant as the seller. The witness said, however, that just as he received the bottle from the seller, Officer Mitchell grabbed them both. They were arrested and taken to jail, and the bottle containing the liquor was seized and afterward identified upon the witness stand as containing the whiskey purchased by Crawford from the appellant. Mitchell knew the appellant and identified him as the person from whom Crawford got the liquor and from whom it was seized. Mitchell testified that he knew the appellant; that he saw him go into the back of a domino parlor followed by Crawford; that he saw a bottle flash and money pulled out; that as the men came out he arrested both Crawford and McClelland and took charge of the whiskey. The witness testified that when the two men went into the back of the domino parlor they were out of his sight for a moment, but that he saw them through the window pass the bottle and the money; that there were no other persons in the part of the building where the transaction took place. The court's qualification to the bill of exceptions is in accord with our understanding of the evidence. At all events, the statement of facts from which we have given a synopsis, in our judgment, would not warrant a reversal of the conviction because the court failed to instruct the jury upon the law of circumstantial evidence.

The motion is overruled.        *Overruled.*