## KETON v. CLARK.

### No. 1441.

Court of Civil Appeals of Texas. Waco.

Dec. 14, 1933.

Rehearing Denied Jan. 25, 1934.

Bob Calvert and Collins & Martin, all of Hillsboro, and M. G. Cox, of Cameron, for appellant.

Frazier & Averitte, of Hillsboro, for appellee.

GALLAGHER, Chief Justice.

A short statement of the facts out of which this suit arose will aid in a ready understanding of the issues involved. Mrs. Ella Clark sued her husband, Ed Clark, for divorce and for provision for her support out of his separate property. On the trial of said cause she recovered a judgment dissolving the marriage ties existing between them and directing him to pay to her the sum of $25 per month out of the rents, revenues, and income arising from his separate property. The judgment provided that said payments should begin on December 1, 1929, and continue during her widowhood, or until further ordered by the court. He prosecuted an appeal from said judgment upon a supersedeas bond. This court, on the hearing of his appeal, reformed the judgment of the trial court by restating the terms by which the obligation to make such payments was imposed, and affirmed the same as so reformed. Clark never paid appellee anything as directed by the terms of said judgment. Appellee, on August 27, 1931, instituted this suit against Clark and the sureties on his supersedeas bond to recover judgment for the payments then past due. Clark died May 19, 1932, before any trial was had herein. He left a will, which was duly probated. He therein directed the payment of all his just debts and devised the remainder of his estate to the Pythian Orphans' Home. Appellant, E. B. Keton, was named as executor of said will and recognized as such by the court. He promptly qualified and took charge of the estate. Appellee then abandoned her action on the supersedeas bond and sued appellant as independent executor of said estate for the sum of $25 per month for each and every month from December 1, 1929, to the time of trial, inclusive, and for a decree establishing a statutory creditor's lien on all the property belonging to said estate and for a foreclosure thereof, subject to her right to receive out of the rents, revenues, and income therefrom the said sum of $25 per month for each month thereafter so long as she might live. She asked in the alternative for a decree commanding and requiring appellant as executor of said estate to pay to her all money on hand available for such purpose, as a credit on past-due monthly installments as aforesaid until the same were fully discharged, and to continue to pay all future installments as they accrued as soon as funds became available.

A trial to the court on December 21, 1932, resulted in a decree declaring appellee invested with an active trust interest in the rents, revenues, and income arising from the property belonging to said estate, declaring that contributions or installments as provided in the original judgment remaining unpaid at that time, with legal interest thereon to that date, amounted in the aggregate to $985, and awarding a recovery in favor of appellee, to be paid out of such rents, revenues, and income, for said sum. Said decree further ordered and directed appellant to first pay out of the rents and revenues in his hands certain taxes then due, and to pay the remainder to appellee as a credit on said recovery. Said decree further directed appellant to continue to manage, control, and administer the property of said estate for the purposes of such trust, and out of the income arising therefrom to pay tax and insurance charges as they accrued, to pay to appellee the sum of $25 on the first day of each month thereafter, beginning on the 1st day of January, 1933, and to apply the surplus, if any, in discharge of the remainder due upon the recovery aforesaid until the same was satisfied in full. The court reserved the right to direct the application of a portion of the future income of the estate to the expense of administering the trust and preserving the corpus thereof.

Opinion.

Appellant, by several assignments, assails the validity of the judgment rendered in the divorce suit in so far as the same directed Clark, the divorced husband, to pay to appellee for her support the sum of $25 per month, beginning December 1, 1929, and continuing during her widowhood, out of the rents, revenues, and income arising from his separate property. Appellant contends in that connection that that provision of said judgment was in legal effect merely an award of permanent alimony, that the trial court was without potential power or jurisdiction to make such award, and that the same was and is void. Said contention requires considera-

tion of the pleadings of the parties in the divorce suit and the judgment rendered therein as a whole. Campbell v. Schrock (Tex. Com. App.) 50 S.W.(2d) 788, 791, par. 2; Lipsitz v. First Nat. Bank (Tex. Com. App.) 293 S. W. 563, 566, par. 1. The suit was instituted by appellee, and the divorce was granted to her. Only allegations with reference to property rights and support are material here. She alleged that she owned a small amount of separate property, but that the same was wholly inadequate to furnish her support, and that by reason of physical infirmities she was unable to earn such support, that he owned valuable property and was a capable business man, and that neither of them had any children. She asked the court to appoint a trustee to take possession of all his property, with instructions to collect the rents and income arising therefrom and divide the same between them on some equitable basis to be determined by the court. The court, after rendering judgment dissolving the bonds of matrimony between them, recited that the defendant, Clark, owned a business house and lot in the city of Hillsboro and vendor's lien notes in the sum of approximately $2,700; that appellee had a savings account of $300, and owned a house and lot in the state of Louisiana, which yielded a net annual income of approximately $150. The court further found in that connection that, as a matter of right and justice, defendant Clark should contribute out of his separate property to the support of appellee the sum of $25 per month, and fixed a lien on all the rents, revenues, and income of said property to secure the payment of the same. On the appeal of defendant, Clark, from said judgment to this court, the obligation imposed upon him to make such payments or contributions to appellee for her support was restated and the judgment as so modified was affirmed. Clark v. Clark (Tex. Civ. App.) 35 S.W.(2d) 189, 190. This court, in its opinion in that case, held specifically that a trial court, in granting a divorce, can, for the purpose of doing equity, subject the income, rents, and revenues of real estate belonging to one spouse to the support of the other, and in that connection cited and quoted from Hedtke v. Hedtke, 112 Tex. 404, 409, 248 S. W. 21, 22, par. 3, as follows: "For the purpose of doing equity, the court may award all the personal property to either spouse, and may subject the income, rents, or revenues of all real estate, belonging to either or both of the spouses, to the support of either or both of them, or to the education and support of the children."

This court then proceeded to restate the terms by which said obligation was imposed upon said Clark as follows: "And it appearing to the court that as a matter of right and justice the defendant should contribute out of his separate property to the support of plaintiff at least the sum of $25.00 per month,

which said contribution should begin as of date December 1, 1929, and so continue at least during the widowhood of plaintiff or until further ordered by the court, in full of all property rights herein, it is therefore ordered, adjudged and decreed by the court that the defendant is left in charge and control of all his separate estate, but he shall pay to the plaintiff out of the rents, revenues and income derived therefrom the sum of $25.00 monthly, said monthly installments to be paid beginning with the 1st of December, 1929."

The testimony introduced in this case shows that at the time the judgment of divorce was rendered the storehouse was rented at $125 a month, and that a few days thereafter the sum of $220 interest was paid on said notes. Apparently the gross annual income of Clark's estate at that time was approximately $1,700. The payments directed to be made out of the same to appellee amounted to only $300 per year, a comparatively small proportion of such annual revenue. There is no contention that Clark acquired any additional property after the original decree of divorce in the district court.

We are required, in passing upon the validity of said judgment, to so construe its provisions, if we can do so without violence to the language used, as to sustain the same. Necessary legal implications are included, although not expressed in terms, and the legal effect rather than the mere language used governs. If susceptible of more than one interpretation, that one should be adopted which will render it the more reasonable, effective, and conclusive, and which will make it harmonize with the facts and law of the case and be such as ought to have been rendered. 34 C. J. § 794, p. 501 et seq.; Gough v. Jones (Tex. Com. App.) 212 S. W. 943, 944, par. 1; Magnolia Petroleum Co. v. Caswell (Tex. Civ. App.) 295 S. W. 653, pars. 2 to 15, inclusive, reversed on other grounds (Tex. Com. App.) 1 S.W.(2d) 597.

Appellee had asked that all of Clark's property be placed in the hands of a trustee, and that he collect the rents and revenues therefrom and divide them between her and Clark as directed by the court. Such action would have been not only expensive but extremely drastic. Clark, apparently an old man at the time, would have been thereby divested of the possession and control of all his property, and, though the court held that he should be allowed to retain more than four-fifths of the income therefrom, he would have necessarily been required to bear the entire expense of the trusteeship, since the allowance to appellee was net. Appellee had alleged affirmatively that Clark was a capable business man. Therefore the only purpose that could have been served by the appointment of a third

party as trustee would have been to insure that the payments would be made to appellee as directed by the court. The potential power of the court as between the parties over the possession and use of Clark's property and the income accruing therefrom was not dependent upon such appointment. It could have been exercised in any appropriate and effective manner. Hedtke v. Hedtke, supra; Fitts v. Fitts, 14 Tex. 444, 451–454; Rice v. Rice, 21 Tex. 59, 66; Simons v. Simons, 23 Tex. 344, 346; Pape v. Pape, 13 Tex. Civ. App. 99, 35 S. W. 479, 480; Kirkwood v. Domnau, 80 Tex. 645, 647, 16 S. W. 428, 26 Am. St. Rep. 770; Bahn v. Starcke, 89 Tex. 203, 34 S. W. 103, 59 Am. St. Rep. 40; Long v. Long, 29 Tex. Civ. App. 536, 69 S. W. 428; Tiemann v. Tiemann, 34 Tex. 523; Wade v. Wade (Tex. Civ. App.) 180 S. W. 643; Helm v. Helm (Tex. Civ. App.) 291 S. W. 648, 649, par. 2; Hughes v. Hughes (Tex. Civ. App.) 259 S. W. 180, 181, par. 1, 182, pars. 3 and 5. The judgment assailed, by necessary implication, asserts the right of the court to control the possession of Clark's property because it provides that it be left in his possession. Said judgment also asserts the right of the court to control the rents, revenues, and income arising from such property by directing the payments stipulated therein. Properly construed, said judgment was not one for permanent alimony in its technical sense, as contended by appellant herein, but was a provision for the partial support of appellee during her widowhood out of the rents and revenues arising from the property belonging to her former husband. The manner in which such purpose should be accomplished was in the sound discretion of the court. That discretion was exercised within the rules announced by the authorities in this state, the principal of which have been hereinbefore cited.

█ Appellant presents assignments in which he complains of the judgment in this cause in so far as the same declares that appellee is entitled to the sum of $25 per month from the date of the original divorce decree, to be paid out of the rents and revenues on the first day of every calendar month. The specific contention made thereunder is that, when for any cause no rent for a particular month was in fact collected, no obligation to make the directed contribution for such month arose. The provision assailed should be construed in the light of the circumstances existing at the time the decree was made. As before recited, the annual income at that time was apparently about $1,700 per year. The testimony shows that the annual charges for taxes, insurance, and upkeep amounted to approximately $350 per year. After paying such charges and $300 per year to appellee, more than $1,000 remained to be expended by Clark as he chose. Under the state of

facts recited, the amount allowed appellee for her support was reasonable, and there is nothing in that connection to indicate that it was the purpose of the court that her contribution should be abated by reason of an occasional vacancy or a failure to collect rent for some particular month. It is a matter of common knowledge that such severe and general depression as has been suffered by all classes of business and as reflected in the rentals actually collected from Clark's property was not anticipated by any one. Clark never paid appellee anything in discharge of the obligation imposed by said decree. The testimony shows that he had on hand in cash at the time of his death nearly $1,000. Said group of assignments is overruled.

█ Appellant presents assignments in which he contends that the obligation imposed upon Clark by the decree in the divorce suit to contribute, out of the rents and revenue of his separate property, said amount for the support of appellee, abated at his death. He further contends in that connection that Clark's entire estate passed by his will to the devisee, discharged from all such obligations. Appellant's contention is presented in connection with his insistence that the payments directed to be made to appellee for her support were in effect alimony, in a technical sense, and is apparently based in part at least thereon. The obligation to pay alimony, in the ordinary meaning of that term, has been generally regarded as a personal one and to terminate upon the death of either of the parties, but, where the terms of the statute under which the same is granted are broad enough to authorize such action, the decree may expressly provide that it shall continue after the death of the husband. The payment, however, of alimony due and unpaid at the death of the husband has been held enforceable as a charge against his estate. 19 C. J. §§ 633, 634, 635, p. 278 et seq. There is a well-defined distinction, however, between the award of alimony on divorce for the support of the unoffending wife and provision for her support by division of the property held by the parties at the time of the decree. The statutes of this state, instead of providing in case of divorce for the support of the unoffending wife by a grant of alimony as such, provide in general terms that the court pronouncing the decree of divorce shall also order a division of the estate of the parties in such a way as the court shall deem just and right.

The only restriction upon the exercise of the power so conferred is that neither of the spouses shall be compelled to divest himself or herself of the title to real estate. R. S. art. 4638. The title so protected seems, according to the rule laid down in Hedtke v.

Hedtke, supra, to be the remainder after the expiration of a possible life estate vested by the decree in the wife. The various ways in which the use of the separate property of the husband or the revenue arising therefrom has been appropriated to the support of the wife are shown in the several authorities herein cited. The separate estate of Clark, as before stated, consisted of a store house and lot in the business district of the city and $2,700 in money. A division of such property between them so as to apportion the revenues arising in the manner in which the court deemed just and equitable was impossible. We have already shown that it would have been an unnecessary burden upon Clark to divest him of the possession of his property and place the same in the hands of a trustee merely for the purpose of assuring the appropriation of a small part of the revenue arising from the same as a whole to the support of appellee. The court therefore, as we construe the judgments both of the district court and of this court, in effect charged Clark with the duties of a trustee with reference to his said property, and required him to make the stipulated contribution out of the gross revenue thereof for the support of appellee. The general rule in other states is that the division of property between the parties in a divorce suit is final. 19 C. J. p. 339, § 785; Webster v. Webster, 64 Wis. 438, 25 N. W. 434, 435; Kistler v. Kistler, 141 Wis. 491, 124 N. W. 1028, 1029; Zentzis v. Zentzis, 163 Wis. 342, 158 N. W. 284, 286, pars. 3 and 4; Huneke v. Huneke, 12 Cal. 199, 107 P. 131, par. 7; Thompson v. Thompson, 73 Wis. 84, 40 N. W. 671, par. 1. In some of the Texas cases above cited, the use of property or the revenue arising from the same has been set apart to the unoffending wife for life, and there is nothing in any of such cases to indicate that her rights were to terminate and the property revert to the estate of the husband in event of his death. We therefore hold that the death of Clark did not affect the vested right of appellee to monthly payments out of the rents, revenues, and income of property owned and held by him at the time of the divorce, and that his devisee took the same subject thereto.

Appellant presents assignments in which he contends that under the circumstances alleged and proved on the trial of this cause the court should, under the provision for continued control contained in the decree providing for such payments to appellee, have terminated such payments or materially modified the amount of the same, in view of reduced rentals and uncertainty in the collection thereof. Whether the power attempted to be reserved in the divorce decree to modify or discontinue the stipulated monthly payments was valid and effective and could have been exercised by the court in the trial of the present case, we do not find it necessary to determine. We have in that connection carefully reviewed the showing made by appellant in support of his request for such discontinuance or modification, and have concluded that the trial court did not abuse his discretion in refusing the same. The trial court, in the judgment appealed from herein, except as to a small sum arising from rents and revenues in the hands of appellant at the time the same was rendered, provided that compensation for installments omitted in the past should be paid appellee only as surplus revenue, after satisfying fixed charges and current installments, might in the future accrue.

The judgment of the trial court is affirmed.