## BERG v. BERG.

### No. 13729.

Court of Civil Appeals of Texas. Fort Worth.

March 25, 1938.

Rehearing Denied April 29, 1938.

A. B. Cates, of Decatur, for appellant. Donald & Donald, of Bowie, for appellee.

BROWN, Justice.

Appellee brought suit against appellant for a decree of divorcement, and a settlement of the property rights between the parties. The cause was tried to a jury, and only the issues touching the conduct of the respective parties were submitted. Appellant filed a cross-action. On the verdict of the jury, the trial court rendered judgment, dissolving the bonds of matrimony between the parties, and entering a decree settling the property rights.

In this decree the court awarded to appellee the use of the homestead and its contents, so long as she lived and remained unmarried. It appears that appellant owned a farm, which was his separate estate, and that he was receiving a pension of about $59.50 per month, by reason of his long service with and his retirement from the service of a certain railroad company. In the decree the trial court awarded appellee $17.50 per month out of such pension during her life, and while she remained a widow. An attorney's fee of $100 was also awarded appellee, and a lien was fixed by the trial court upon appellant's separate estate, to secure the payment of the monthly allowance set by the court.

John W. Berg, the husband, has appealed, and we find twenty-five assignments of error in his brief. We also find that appel-

lant's counsel, in presenting the appeal, says that in the interest of brevity and to avoid repetition, and because said assignments are so closely related, that the appellant has grouped the assignments in his brief, so that he undertakes to show that it was error on the part of the trial court (1) to grant a divorce to the plaintiff below as against the defendant's denial and cross-action, on the unsupported and uncorroborated testimony of the plaintiff, urging that such testimony is not full and satisfactory as required by the statute; (2) to deny partition of the community homestead property and to award possession and use of same to the plaintiff, because there was no child born to the union and no constituent of a family remaining after the divorce decree; (3) to hold that the plaintiff was entitled to a community interest in the pension drawn by the defendant, under the provisions of the Railroad Retirement Act, 45 U.S.C.A. § 228a et seq., and to award her a lifetime support of $17.50 per month, and to impose a lien on defendant's property, to secure the payment of such support; and (4) to award plaintiff an attorney's fee in the sum of $100.

■ We find no merit in the assignments of error. In the first place, taking up the first group, as presented by appellant, if the testimony of the appellee had been uncorroborated and denied in toto by appellant, if the jury believed appellee, as they evidently did, as reflected by their verdict, and if in the wisdom of the trial court this evidence appeared to be full and satisfactory to the trial court, this court would not be warranted in disturbing the verdict. But the record discloses that appellee's testimony was corroborated by letters written by appellant to a third party, in which letters the appellant imputed to appellee unchastity and a lack of fidelity.

■ As to the second group of assignments, article 4638, Revised Civil Statutes, provides specifically that the trial court, in pronouncing a decree of divorce, shall enter decree and order a division of the estate of the parties in such a way as the court deems just and right, having regard to the rights of the parties and their children, if any. The record discloses that the homestead property, which was undoubtedly the community estate, was of little value and rather scantily furnished, and that the appellee was a frail woman, well up in years, suffering from very defective eyesight. That the trial court could give her the right to the use and occupancy of this property during her lifetime, and while she remains a widow, there can be no doubt in our minds. The record reflects that appellee is unable to make a living for herself; that she has nowhere to go.

This is not a case in which some creditor is attempting to subject the former homestead to the payment of his debt, on the theory that the bonds of matrimony existing between the parties have been dissolved, and that there are no children to care for and support, and that, therefore, there is no lawful homestead interest exempted to the party sued by the creditor. This is a suit in which the trial court, after dissolving the bonds of matrimony, simply takes the properties, both community and separate, and attempts what in the trial court's judgment was an equitable division.

We do not find that the trial court has abused the discretionary powers vested in him in entering this decree.

■ As to the third group of assignments, it is not necessary in order to sustain the decree of the trial court to find that the plaintiff below owned a community interest in the pension drawn by appellant. We are thoroughly convinced that if the right to this monthly pension had been wholly earned by appellant before he married appellee, and if it should be held that such pension was the separate estate of the appellant, that even then, and under such circumstances, the trial court would have been fully authorized, under the statute and under the decisions which have followed it, to award the appellee a portion of such pension for her support in this case. But the record discloses that one-sixth of the time that appellant worked for the railroad company while finishing his tenure of employment entitling him to the pension, namely, the last one-sixth of such period of employment, was spent while he was married to the appellee.

■ Appellant's contention that the award on the part of the trial court of $17.50 per month, for the support of this old woman, who is not able to make a living for herself, amounts to the award of alimony subsequent to the decree dissolving the bonds of matrimony, is not well taken. Keton v. Clark, Tex.Civ.App., 67 S.W.2d 437. writ refused, which case arose out of the case of Clark v. Clark, Tex.Civ. App., 35 S. W.2d 189. The right of a trial court to provide for the divorced wife's support out of the separate estate of the former husband cannot be questioned in the state of Texas.

Our conclusions are amply supported by the statute mentioned above, and by many authorities which have followed and construed this statute. Among such cases, in addition to those already cited, we cite Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; Becker v. Becker, Tex.Civ.App., 299 S.W. 528; Helm v. Helm, Tex.Civ.App., 291 S.W. 648; Pape v. Pape, 13 Tex.Civ.App. 99, 35 S.W. 479, 480; Housewright v. Housewright, Tex. Civ.App., 41 S.W.2d 1071.

That the trial court had the right to award appellee an attorney's fee, under the circumstances found in this case, cannot be questioned.

All assignments of error are overruled, and the judgment of the trial court is affirmed.