Charles Leonard WEAVER, Appellant,

v.

Lina V. MORRIS, Appellee.

No. 4317.

Court of Civil Appeals of Texas.

Eastland.

June 13, 1969.

Rehearing Denied July 11, 1969.

Larry S. Parnass, Thomas R. Harnett, III, and James G. Clement, Irving, for appellant.

Edward Neill English, Jr., Irving, for appellee.

In September, 1967, Lina V. Weaver sued Charles Leonard Weaver for a divorce and division of their community property. She alleged they were married in Howard County, Texas, in 1944, and lived together until 1967 and that they were both residents of Dallas County, Texas. The final judgment rendered in the divorce case on the 25th day of January, 1968, recites that both parties announced ready for trial; that a jury was waived; that evidence was heard and Mrs. Weaver was granted a divorce. Certain specific property was awarded to each party. The judgment contained provisions respecting their minor child. It provided that they should file a joint income tax return for 1967. It decreed that the defendant should continue to collect his retirement pay from the United States Air Force but that he should pay to the plaintiff each month one-half of the net amount thereof so long as he continued to receive such retirement pay.

The proceeding before us questions only said provision relative to the award of one-half of Major Weaver's retirement pay to Mrs. Weaver, who is now Mrs. Morris. The judgment shows it was approved by both parties and their counsel. About seven months after that judgment became final, there having been no motion for a new trial nor appeal, the defendant filed a motion in said cause, designated as a motion to void that portion of the judgment awarding "alimony after divorce." It quoted the part of the judgment dividing the defendant's retirement pay and directing the defendant to pay the plaintiff one-half of the amount so collected as long as he received such retirement pay. In said motion the defendant alleges that said part of the judgment was not a division of community property; that it was a judgment requiring him to pay alimony after divorce, contrary to the law of Texas, and, therefore, void. He prayed that the court set aside that provision of the final judgment, alleging that it was void.

Mrs. Weaver filed a plea in abatement. She alleged the divorce judgment was rendered in January 1968; that it was approved by both parties and their counsel; that no motion for a new trial was filed and said judgment became final thirty days after it was entered and, therefore, the court did not have jurisdiction to set aside said order dividing Weaver's retirement pay. She alleged that Major Weaver's allegations were false and that said order relative to retirement pay was not an award of alimony but a division of community property which was just and fair and agreed to by the parties.

The order overruling Weaver's said motion, here attempted to be appealed from, simply recites that said motion was heard on argument of counsel and that it appearing to the court that it did not have jurisdiction to set aside said part of said judgment, his motion was overruled and the cause was dismissed.

Appellant's first point is that the court erred in overruling his motion to vacate that part of the January, 1968, judgment which awarded his then wife one-half of his retirement pay because, although it was ostensibly a division of their community estate, it was an award of permanent alimony after divorce, contrary to public policy and therefore void. Appellant's second point is that the court erred in awarding one-half of his retirement pay "without considering" (1) the time during marriage the parties resided in Texas, and (2) the amount paid into the retirement fund during marriage, both factors being essential to determine his wife's interest in his retirement pay. We cannot know from this record whether or not the court considered said matters. The record does not show that said part of the judgment is void. There being no motion for a new trial and no appeal from said final judgment and the hearing on said motion consisting merely of argument, we cannot consider point two. Whether the court erred in making such division had to be raised upon an appeal from said judgment. The portion of the final divorce judgment here complained of, on its face, simply shows that it was a division of community property. It shows on its face that it was agreed to by the parties and it appears to be a valid part of an apparently valid judgment dividing the community estate.

The Supreme Court in Francis v. Francis, 412 S.W.2d 29, 33, held that a contract to make payments for support of a wife after divorce was not an obligation to pay alimony and did not violate the public policy of Texas. If we were authorized to pass upon the merits of appellant's motion, we think that decision and the decision in Cornell v. Cornell, (Sup.Ct.), 413 S.W.2d 385, 387, and Gent v. Gmenier, Tex.Civ. App., 435 S.W.2d 293, in principle, require a holding contrary to appellant's contention.

Since the provision of the final judgment here under attack is not void on its face and is not shown to be void and there being no appeal from said final judgment, the action of the trial court in dismissing appellant's motion was correct. The judgment is affirmed.