**Harold M. MARKS, Appellant,**

v.

**Julia S. MARKS, Appellee.**

**No. 569.**

Court of Civil Appeals of Texas, Tyler.

July 15, 1971.

Rehearing Denied Sept. 2, 1971.

Abney & Burleson, Phil Burleson, Dallas, for appellant.

Bonney, Wade & Stripling, Robert A. Stripling, Jr., Dallas, for appellee.

DUNAGAN, Justice.

The trial court's judgment before us for review was based on a prior divorce judgment of the Domestic Relations Court No. 3 of Dallas County, Texas, in a suit between these same parties, entered March 8, 1968. The judgment in the 1968 divorce case granted appellant a divorce from appellee, gave appellee custody of the two

minor children of the marriage, ordered appellant to make child support payments to appellee and ordered division of the spouses' property. The divorce judgment shows that both appellant and appellee appeared in person and by their respective attorneys of record on the trial of the case. The 1968 divorce suit was brought by appellant Harold M. Marks.

The portion of the 1968 judgment that is in dispute reads as follows:

"It is the further finding of this Court that the Naval Retirement pay earned by the plaintiff, Harold M. Marks, by his service in the United States Navy is the separate property of the plaintiff, Harold M. Marks, but that in dividing the property of the parties this separate asset should be invaded for the benefit of the defendant; it is, therefore, ORDERED, ADJUDGED AND DECREED by the Court that the right to Naval Retirement pay of HAROLD M. MARKS shall be owned 75% by the plaintiff, Harold M. Marks, as his separate property and shall be owned 25% by defendant, Julia S. Marks, as her separate property and the monthly retirement benefits shall be paid 75% to plaintiff, Harold M. Marks and 25% to defendant, Julia S. Marks and in the event Naval Retirement benefits are not paid under this order directly to Mrs. Marks, she shall and does have a money judgment against the plaintiff, Harold M. Marks, for the value of the benefits which are her separate property."

Appellee filed the instant suit in March, 1970, against appellant based on the quoted portion of the 1968 divorce judgment. Appellee sought recovery of a money judgment in the amount of the naval retirement benefits which should have been paid to appellee but which were paid by the Navy instead to appellant. The Navy refused to pay appellee her one-fourth share of the Naval Retirement benefits. Appellant refused to give appellee her one-fourth share of such benefits.

Each party submitted motions for summary judgment. Appellant's motion was denied. The trial court rendered a money judgment against appellant on appellee's motion for summary judgment for $3,053.25 plus interest at 6% per annum from September 28, 1970, and all costs of court. From this judgment appellant has appealed.

The sole question for this court to determine is whether the award to appellee of a portion of appellant's retirement benefits by the judgment in the 1968 divorce case constituted an award of alimony. We hold that such award to appellee did not constitute alimony. Francis v. Francis, 412 S. W.2d 29 (Tex.Sup., 1967).

▬ The appellant contends that the above quoted portion of the 1968 divorce decree was an award of alimony which is contrary to the statutes and public policy of this State and therefore is a void decree subject to being set aside.

The record shows that at the time the divorce judgment was entered, appellant was retired from the U. S. Navy. He received Navy Retirement payments each month since his separation from the service in 1969. A final judgment in the divorce case was signed and entered by the trial court on March 8, 1968. No appeal from that judgment was perfected by either party. In its final judgment, the divorce court held the right to Naval Retirement benefits to be the separate property of appellant, but the court divided this asset by giving the appellee the right to twenty-five percent of the benefits as her separate property and appellant the right to seventy-five percent of the benefits as his separate property. In addition thereto appellant received as his separate property a life and accident insurance policy, a 1958 Jaguar automobile, his personal checking account and all personal property presently in his possession. Appellee was awarded as her separate property the equity in the homestead located in the State of Maryland, all furniture and household goods located in said homestead, a 1963

Chevrolet automobile, any personal checking account or credit union accounts in her name and all other personal items in her possession.

The record also reflects that prior to appellant's retirement he had served approximately 27 years in the Navy. During 15 years one month and eighteen days of his tenure of service, he and the appellee were married.

Under the law as established in this State, such retirement pay account is not a gift or a gratuity accruing to appellant but is an earned property right which accrued by reason of his years served in military service. Kirkham v. Kirkham, 335 S.W.2d 393 (Tex.Civ.App., San Antonio, 1960, n. w.h.). The earnings of the husband during marriage are community property. Article 4619, Vernon's Ann.Civ.St. Therefore, even though the trial court did find that appellant's retirement payments or benefits were his separate estate, it is quite obvious from the undisputed evidence that the greater portion of such benefits was earned during the marriage and as a matter of law is community property to the extent that it accrued during the time of the marriage. Busby v. Busby, 457 S.W.2d 551 (Tex.Sup., 1970). Webster v. Webster, 442 S.W.2d 786 (Tex.Civ.App., San Antonio, 1969, n.w.h.); Herring v. Blakeley, 385 S.W.2d 843 (Tex.Sup.1965). In Howle v. Howle, 422 S.W.2d 252, 255 (1967), this Court said "(t)he trial court in the judgment in this case erroneously referred to the community property as consisting of a brick veneer dwelling house and other improvements situated on the two-acre tract. It is well settled, however, that an appellate court will sustain the judgment if it is correct on any theory of law applicable to the record, regardless of whether or not the trial court gives the correct legal reason for its judgment or whether or not any reason at all is given. Maher v. Gonzalez, 380 S.W.2d 764 (Tex. Civ.App., San Antonio, 1964, n.w.h.); Holland v. Gibbs, 388 S.W.2d 295, 300 (Tex. Civ.App., Austin, 1965, writ ref., n.r.e.); Southwestern Associated Tel. Co. v. City of Dalhart, 254 S.W.2d 819, 823 (Tex.Civ. App., Amarillo, 1952, writ ref., n.r.e.)."

Appellant concedes that if the Naval Retirement benefits were community property that portion of such benefits awarded to appellee would not constitute alimony. But he contends that the trial court in the divorce case having found the retirement payments to be his separate property that such award to appellee does constitute alimony and the judgment in that respect is void.

As stated in 20 Tex.Jur.2d, Divorce and Separation, sec. 204, at p. 541:

"* * * When a divorce is granted and custody of a minor child is awarded to the wife, the estate to be divided by the court is not confined to the community but may include the separate personal property of the husband."

Article 4638, V.T.C.S., provides that the court in pronouncing a decree of divorce shall also order a division of the estate of the parties in such way as the court shall deem just and right. Even though such retirement payments were the separate property of appellant, the trial court would have been fully authorized under Article 4638, V.T.C.S., and the decisions under this statute to award the appellee a portion of such retirement payments or benefits for her support in the divorce judgment entered in 1968. Berg v. Berg, 115 S.W.2d 1171 (Tex.Civ.App., Ft. Worth, 1938, writ dism.); Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21 (1923).

Texas courts have held without exception that division of military retirement benefits upon divorce is a division of a vested property interest and not an award of alimony. Busby v. Busby, supra; Kirkham v. Kirkham, supra; Mora v. Mora, 429 S.W.2d 660 (Tex.Civ.App., San Antonio, 1968, writ dism.); Webster v. Webster, supra; Berg v. Berg, supra.

In Kirkham v. Kirkham, supra, the court in its judgment provided, as does the judg-

ment in the present case, that should the retirement benefits not be paid by the military as provided in the judgment, that a money judgment should be entered against the former spouse for the share received by him. The Court of Civil Appeals affirmed the case and overruled the objection to the money judgment provision. Citing Berg v. Berg, supra, and Keton v. Clark, 67 S.W.2d 437 (Tex.Civ.App., Waco, 1933, writ ref.). Recently in Busby v. Busby, supra, the Texas Supreme Court expressly approved *Kirkham, Mora* and *Webster.*

■ Where the property division by a judicial decree requires one party to make payments to the other party after the divorce, such payments are not construed to be in the nature of permanent alimony if they are referable to any property which either spouse may have owned or claimed. McBride v. McBride, 256 S.W.2d 250 (Tex.Civ.App., Austin, 1953, n.w.h.); Wilmeth v. Wilmeth, 311 S.W.2d 292 (Tex. Civ.App., Ft. Worth, 1958, writ dism.); McBean v. McBean, 371 S.W.2d 930 (Tex.Civ.App., Waco, 1963, n.w.h.); Gent v. Gmenier, 435 S.W.2d 293 (Tex.Civ.App., Waco, 1968, n.w.h.).

■ The trial court may divide personal separate property of the spouses in such a manner as may seem just and right and to provide for the divorced wife's support out of the separate estate of the former husband. Berg v. Berg, supra; Keton v. Clark, supra; Dillard v. Dillard, 341 S.W.2d 668 (Tex.Civ.App., Austin, 1960, writ ref., n.r.e.).

■ Appellee contends that the 1968 judgment being final was not subject to collateral attack. With this we agree. The judgment entered on March 8, 1968 is not void.

The record reflects that no appeal was taken from the divorce judgment. The judgment became final thirty days after it was entered. Such judgment not being void on its face was not subject to collater-

al attack. Gent v. Gmenier, supra; Bunker v. Bunker, 336 S.W.2d 751 (Tex.Civ. App., San Antonio, 1960, writ dism.); Weaver v. Morris, 442 S.W.2d 915 (Tex. Civ.App., Eastland, 1969, writ dism.). The question now raised by appellant should have been raised and determined on an appeal of the 1968 divorce judgment. Weaver v. Morris, supra; Gregory v. Gregory, 404 S.W.2d 657 (Tex.Civ.App., Houston, 1966, writ ref., n.r.e.).

Under the guidelines as pronounced by the Supreme Court in Gibbs v. General Motors Corporation, 450 S.W.2d 827 (1970), for appellate courts to follow in reviewing summary judgments on appeal, we have concluded that the trial court's judgment should be affirmed.

Judgment affirmed.