LANE K. STONE and another *vs.* LARS L. QUAAL.

October 13, 1886.

-**Pleading—General Denial—Negative Pregnant.**—A general denial is the same in effect as a specific denial of each of the allegations in the whole or in the part of the pleading so denied, and is a negative pregnant only where a mere specific denial would be.

.**Confusion of Goods—Grain—Rights of Owners.**—Where, without fraudulent intent, goods of the same nature and value, belonging to different owners, are mixed, if a division can be made of equal value, as in case of a mixture of grains of the same kind, quality, and value, then each owner may claim his aliquot part of the whole mass.

Plaintiffs, as mortgagees of a crop of growing wheat, brought this .action in a justice's court in Lac qui Parle county, alleging that on October 1, 1883, Nelson, the mortgagor, made default in payment of ·the mortgage debt, ($38.82,) whereupon, by the terms of the mortgage, plaintiffs became the owners and entitled to the immediate possession of the mortgaged wheat, and that on or about November 1, 1883, the defendant unlawfully took from plaintiffs' possession, and .converted to his own use, 60 bushels of such wheat, of the value of $48, to plaintiffs' damage in the sum of $38.82, for which sum, with ,interest and costs, judgment is demanded.

The answer was as follows: "Defendant, for answer to plaintiffs'

complaint, denies each and every allegation thereof except the execu- tion of the chattel mortgage."

At the trial before the justice, the execution of the mortgage and default in payment were proved, and it appeared that the crop was harvested, and the wheat (80 or 90 bushels) placed in Nelson's granary with 120 bushels of other wheat. Out of this mass Nelson delivered to defendant 51 bushels, and afterwards delivered the rest of it to others than the plaintiffs. Judgment was rendered for the plaintiffs for the amount prayed in the complaint, and the defendant appealed, on questions of law alone, to the district court for the same county, where the appeal was heard by *Brown, J.,* who held that the answer was in legal effect an admission of the allegations of the complaint, and ordered judgment of affirmance, from which judgment the defendant appealed.

*Volstead & Sorley,* for appellant.

*H. L. Hayden,* for respondents.

GILFILLAN, C. J. The court below erred in holding the denial in the answer to be a negative pregnant, and therefore an admission of the allegations in the complaint. The statute provides that the answer shall contain "a denial of each allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief." Under this, what is termed the "general denial" has from the beginning been practised and been sanctioned by this court. As usually expressed, this denial is of "each and every allegation" of the whole, or of some clearly-indi- cated portion, of the pleading to which the denial is in answer, or of the whole or part of such pleading with clearly and definitely ex- pressed exceptions. However expressed, it is sufficient if it clearly shows that the pleader intends to deny "each and every" of the alle- gations in the whole or of the part of the opposite pleading referred to. This form of denying, instead of specific denials, was adopted from motives of convenience, and it has considerations of convenience to commend it. In effect, it is precisely the same as if each of the allegations so denied were specifically and separately referred to and denied. It is of no greater and no less effect. Is no better and no worse denial than such specific and separate denial would be. It

puts in issue each allegation of fact to which it relates as fully as though each of such allegations were specifically denied. Thus, in this complaint, it is alleged that "on or about the first day of November, 1883, the defendant, at the town of Hantho, in said county, unlawfully took from the possession of the plaintiffs," etc. There are several facts alleged,—the taking, and the time and place. Each is denied, and each, when denied, must, if material to the cause of action, be proved. The court below appears to have considered the denial as though it put in issue only the conjunction of these several facts. If that were so, of course the denial would be bad, unless such conjunction were essential to the cause of action. But that is not the purport of the denial of "each and every allegation," which refers to each of the facts alleged, and not to the manner or connection in which they may be stated. A general denial is therefore a negative pregnant only when a mere specific denial would be.

On the evidence, plaintiffs did not show any cause of action, not only because defendant, having innocently come by the wheat, was entitled to a demand, and none was proved, but because the evidence shows that he had a right to take the wheat that he took. It appears that the wheat covered by plaintiffs' mortgage—about 80 or 90 bushels —was mixed in the same bin with 120 bushels of other wheat. It does not appear that there was any difference in the kind, quality, or value of the wheat so mixed; nor does it appear how it came to be mixed. Out of the mass of over 200 bushels the defendant, with the consent of Nelson, the owner, took 51 bushels. As there does not appear to have been any fraudulent intent in mixing the wheat, the rule stated in Story, Bailm. § 40, (and see case there cited,) as follows, applies: "If the goods are of the same nature and value, although not capable of an actual separation by identifying each particular, yet, if a division can be made of equal value (as in the case of a mixture of corn or of coffee or tea or wine of the same kind and quality,) there each may claim his aliquot part." No wrong could be done to plaintiffs by Nelson, or any one by his permission, taking wheat out of the bin so long as there remained as much as was covered by their mortgage.

Judgments of the district court and of the justice reversed.

MITCHELL, J. I concur in the result, but do not wish to be under-stood as assenting to the proposition that a general denial can ever be construed as containing a negative pregnant. A negative pregnant is a negative that implies an affirmative. From its very nature, such a negative can never be found in a general denial, which is a denial in gross of all the allegations of the complaint. A general denial has as wide a scope as the allegations of the complaint which it denies, and puts in issue any fact alleged in the complaint. Bliss, Code Pl. § 332; 2 Wait's Pr. 420, and cases cited; *Thompson* v. *Erie Ry. Co.*, 45 N. Y. 468.

This court, in my opinion, fell into error on this subject in *Dean* v. *Leonard*, 9 Minn. 176, (190,) —since several times followed,— which has led to a very inconvenient and prolix system of pleading in the form of specific denials, when a general denial would more conveniently cover the whole ground.

VANDERBURGH, J. I concur in the views expressed by Justice Mitchell.