D. M. OSBORNE & CO. v. CARGILL ELEVATOR CO.[1]

Nov. 14, 1895.

Nos. 9579—(176).

### Conversion—Confusion of Goods.

Where goods of the same kind and value, belonging to different owners, are intermingled and confused by one owner willfully, but not in bad faith, the other owner does not thereby become the owner of the whole; but when the part of the whole mass belonging to the latter is, by reason of such confusion, made uncertain, every reasonable doubt as to the amount of his share must be resolved in his favor.

[1] Reported in 64 N. W. 1135.

Action in the district court for Meeker county for conversion.    The case was tried before Powers, J., who directed a verdict in favor of plaintiff for $80.08.    From an order denying a motion for a new trial, defendant appealed.    Reversed.

*Plumley & McMonagle* and *Wilson & Van Derlip*, for appellant.

*Wm. H. Spath* and *John T. Byrnes*, for respondent.

CANTY, J.    One Glysen, in the year 1893, raised two fields of wheat,—one of ten acres, which he mortgaged to plaintiff by a chattel mortgage made in the spring of that year; and another of eight acres, not included in the mortgage.    He harvested, threshed, and put all the wheat raised on both fields in the same bin in his granary.    Afterwards 148 bushels of this wheat were sold to defendant, and plaintiff brought this action to recover the value of the wheat so sold.    On the trial the court ordered a verdict for plaintiff for the full value of all the wheat so sold, and from the order denying its motion for a new trial defendant appeals.

We are of the opinion that the court was not justified in ordering a verdict for plaintiff for the value of all the wheat so sold.    The evidence does not show how much wheat was raised on either field, or how much was put in the granary.    Glysen was called as a witness on behalf of plaintiff, and testified that, when the new wheat was put in the bin, there was some old wheat in it,—"a few sacks of wheat, but I cannot tell how many bushels it was.    It was wheat raised the year before."    After the wheat of 1893 was put in the granary, "my wife took a few sacks to the mill while I was away."    He further testified that, after the wheat sold to defendant was taken out, there were about 17 bushels left in the bin.    The man who took out the wheat that was so sold testified that there were about 10 or 15 bushels left.    This is all the testimony that throws any light on the question of how much wheat was raised on either field, or how much was contained in the bin in question.    Glysen also testified that the wheat raised on both fields was all of the same kind, and defendant's agent testified that all of the wheat so sold was No. 1 Northern.    Glysen was a foreigner, who testified through an interpreter, and seemed to have but little understanding of plaintiff's rights or his liabilities in mixing the mortgaged wheat with the other wheat, and the evidence does not show any fraudulent intent on his part in so mixing the

v.62 м.—26

same.    The goods mixed are all of the same kind and quality.    Under these circumstances, plaintiff is only entitled to its proper share of the whole mass.    Stone v. Quaal, 36 Minn. 46, 29 N. W. 326.

It is also true that, in this case, every reasonable doubt as to the amount of plaintiff's share of the whole mass should be resolved in its favor.    But, even then, the order of the court cannot be sustained. In the absence of any evidence on the point, it is fair to presume that as much wheat grew on each acre of the eight-acre field as on each acre of the ten-acre field.    This would entitle plaintiff to about ten-eighteenths of the new wheat put into the bin.    The evidence as to the amount of the old wheat in the bin and the amount of wheat taken to the mill is very indefinite; but it cannot be held, as a question of law, that the excess of the latter amount over the former, and the 10, 15, or 17 bushels remaining in the bin after taking out the wheat sold, equals the amount of wheat grown on the eight acres.    The estimating of these amounts and the determination of these matters were for the jury, and not for the court.    This is all the error we find in the case.

The order appealed from is reversed, and a new trial granted.