## A. C. SOMERS v. FRANK KANE AND OTHERS.[1]

October 8, 1926.

No. 25,072.

**When owner will not be deprived of his logs when he mingles them with another's logs.**

1. The owner of logs who wilfully and fraudulently mingles them with those of another, or who by wilful trespass takes the logs of another and mingles them with his own, will not be deprived of his property if the logs belonging to each can be distinguished, or if a quantity equal in kind and value can be given the party wronged.

**Reasonable doubt as to quantity and value of logs to be resolved against wrongdoer.**

2. In finding amount and value where there has been a fraudulent confusion, or where there has been a wilful trespass and subsequent wrongful intermingling, all reasonable doubt as to quantity and value is resolved against the wrongdoer.

Confusion of Goods, 12 C. J. p. 494 n. 42, 44; p. 495 n. 48, 50; p. 499 n. 1.

---

See 5 R. C. L. 1052; 1 R. C. L. Supp. 1581; 4 R. C. L. Supp. 367.

Action in replevin tried before Grannis, J., and a jury which returned a verdict in favor of plaintiff. Defendants appealed from an order denying their motion for judgment notwithstanding the verdict or for a new trial. Reversed.

*Fryberger, Fulton, Hoshour & Ziesmer,* for appellants.

*Jenswold, Jenswold & Dahle,* for respondent.

DIBELL, J.

Action of replevin in the district court of Lake county to recover possession of logs. There was a verdict for the plaintiff. The defendants appeal from the order denying their alternative motion for judgment or a new trial.

[1] Reported in 210 N. W. 287.

The case was here before and is reported in 162 Minn. 40, 202 N. W. 27. The facts are stated there in detail.

In the logging season of 1913-1914 the brother of the plaintiff, to whose interest the plaintiff succeeded, cut logs on his land bordering on a lake in Lake county and put a part in booms on the ice and banked a part on skids on the shore. The logs were left as boomed and banked. The booms broke or were broken and some of the logs were scattered in the lake. In 1920 the defendants gathered the logs which were adrift in the lake, claiming them as abandoned logs under G. S. 1913, § 5474, and with them took those banked on the land and those lying in shallow water and partly embedded in the mud. They were shipped by railroad to Knife river. The plaintiff replevied them. The defendants did not give a forthcoming bond and the plaintiff retained possession.

The constitutionality of the statute was affirmed in our prior decision. It was held, however, that the logs on the land and those embedded in the shallow water were not abandoned logs. No account of them was taken, and for this reason the judgment directed for the defendants at the first trial was reversed.

It is now the contention of the plaintiff that the logs which the defendants had no right to take were wrongfully intermingled with those which, by virtue of the statute, became their property when they took them; and applying the doctrine of confusion of goods he claims that he is entitled to all of the logs. One theory upon which the court submitted the case to the jury was that it might find a fraudulent confusion; and in such event it was charged that the plaintiff was entitled to all. The verdict for the plaintiff, sustaining its right of possession, implies an affirmative finding. In taking the logs on the land and those in the shallow water the defendants were wilful trespassers as a matter of law and liable in treble damages. The plaintiff might have sued them in trespass for treble damages. He might have sued them for conversion at the Knife river station. There was wrongdoing in the taking and in all subsequent dealing with the logs. It is difficult to see specific fraud in the intermingling, or fraud apart from the taking. But, conceding that there was, there should not be so drastic a result as the verdict brings.

The logs of the plaintiff could not be identified, log for log, after their mingling with those of the defendants, but their relative amount and value could be found with approximate correctness. The law intends compensation for wrong done, and not a penalty, except when a statute for reasons of policy chooses to have it so, and in the few instances where, apart from statute, it allows a jury to add punitive damages by way of discouraging arbitrary or malicious wrong. The plaintiff is compensated if he gets the equivalent of his own. The defendants should not be required, as a punishment, to lose all, nor should the plaintiff be rewarded by giving him all. In 1 Cooley, Torts (3 ed.) 68, the doctrine which appeals to us as sound and supported by the authorities is stated as follows:

"Even if the commingling were malicious or fraudulent, a rule which would take from the wrong-doer the whole, when to restore to the other his proportion would do him full justice, would be a rule wholly out of harmony with the general rules of civil remedy, not only because it would award to one party a redress beyond his loss, but also because it would compel the other party to pay not damages but a penalty."

This is the trend of the cases and in harmony with our view indicated in International L. Co. v. Bradley T. & Ry. S. Co. 132 Minn. 155, 156 N. W. 274, and cases there cited.

It was reasonably possible to put the plaintiff in as good position as he would have been if the logs had not been intermingled. True, there would be some difficulty and some uncertainty, but not more than we meet elsewhere in the ordinary administration of the law, and for practical purposes amount and relative value were ascertainable.

The plaintiff relies upon International Lbr. Co. v. Bradley T. & Ry. S. Co. 132 Minn. 155, 156 N. W. 274. That case was tried upon the theory that a fraudulent confusion gave the wrong party all. The jury found that there was not a fraudulent confusion. The plaintiff insisted upon a recovery of all, asked all or none, and whether it could recover the proportion of the finished product as

its own logs bore to all was not involved. The principle of the case does not give the plaintiff the right to all.

2. In making a finding of value or amount, when there has been a fraudulent confusion, every reasonable doubt is resolved in favor of the party wronged. D. M. Osborne & Co. v. Cargill Elev. Co. 62 Minn. 400, 64 N. W. 1135. The rule, in any view of the case, applies here, for the defendants were wrongdoers from the beginning when they took the logs by wilful trespass.

The defendants were not entitled to a directed verdict for the specific amount asked in their motion, and should not have judgment notwithstanding. We do not agree with them that the evidence does not justify a finding that they took a substantial amount of the plaintiff's logs. There must be a new trial.

Order reversed.