264 P.2d 283

**JOHNSON v. COVEY.**

**No. 7988.**

Supreme Court of Utah.

Dec. 2, 1953.

Richards & Bird and Dan S. Bushnell, Salt Lake City, for appellant.

Rawling, Wallace, Roberts & Black and Dwight ·L.· King, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a judgment for plaintiff in an action for accounting of pipe which he claimed defendant mixed or confused with that belonging to the latter, who in turn sold the confused mass without plaintiff's consent. Affirmed, with costs to plaintiff.

Under a joint oil exploration venture, defendant agreed to furnish pipe to the driller. After exhausting the 5,014 feet of pipe furnished by defendant, the driller obtained money from plaintiff, one of the joint venturers, and purchased 1,586 feet more of the same kind of pipe. The venture failed and the pipe was pulled and stacked. Later the defendant sold all that remained. Plaintiff contended that he owned the pipe purchased with his money. He was upheld by the trial court, and there was sufficient evidence in the record to support such conclusion under familiar principles enunciated by this court, having to do with appellate review.[2] In affirming the lower court's finding of ownership in plaintiff, it is unnecessary further to detail the facts or treat other errors assigned except defendant's urging that the trial court failed to recognize and apply correct principles relating to confusion of goods.

2. Toomer's Estate v. Union Pacific Railroad Co., Utah, 239 P.2d 163.

Confusion of goods results when personal property belonging to two or more owners becomes intermixed to the point where the property of any of them no longer can be identified except as part of a mass of like goods. No forfeiture of interest problem presents itself here, since the court found, on sufficient evidence, that the commingling was not accomplished by the wrongful act of either of the owners, but by the act of a third person. In such case, the just and proper procedure is to determine the proportionate share of each owner and divide the goods, or the proceeds from sale thereof (if the sale be fair and for a reasonable price), on the fractional ownership basis which has been *so determined.*[3] This the lower court did, after making proper adjustments on a proportionate basis, for the pipe lost by breakage and theft, and after deducting the expenses of salvage and sale. It was determined that plaintiff owned 25.17% of the confused mass and hence that percentage of the proceeds of sale, and the record reasonably sustains the trial court's conclusions.

McDONOUGH, CROCKETT and WADE, JJ., concur.

WOLFE, C. J., not participating.

3. Manti City Savings Bank v. Peterson, 33 Utah 209, 93 P. 566; Brown Personal Property, 59.