**Julia K. DESSOMMES, Appellant,**

**v.**

**Lawrence F. DESSOMMES et al.,**
**Appellees.**

**No. 18237.**

Court of Civil Appeals of Texas, Dallas.

Dec. 13, 1973.

Rehearing Denied Jan. 17, 1974.

Second Rehearing Denied Feb. 14, 1974.

John R. Bryant, Dallas, for appellant.

Bertran T. Bader, III, Bader, Wilson, Menaker, Cox & Branson, Robert B. Cousins, Jr., Thompson, Coe, Cousins, Irons & Porter, Dallas, for appellees.

GUITTARD, Justice.

Julia Dessommes sued Lawrence Dessommes, her former husband, and his employer and two insurance companies, to establish her interest in one-half of his retirement benefits on the theory that his right to such benefits was community property which had vested before their divorce in 1963 and was not disposed of by the divorce decree. He defended on the grounds that the decree had awarded the benefits to him as his separate property, that her claim was barred by limitation, and that even if she still had an interest, she failed to establish its extent in view of contribu-

tions to the retirement fund and adoption of a new retirement plan after the divorce. The trial court rendered judgment on an instructed verdict for defendants. We reverse on the ground that the action is not barred by res judicata or limitation and that plaintiff was not required under the circumstances to establish the exact extent of her interest.

## 1. *Res judicata*

■ The only adjudication of property rights in the divorce decree of February 2, 1963, is a provision that "each part[y] hereto keep the property now in the possession of such party as their own separate property and estate, subject to any indebtedness that might be against it; and . . . . that the property at 231 Circle Drive, Dallas, Texas, be hereafter held by the plaintiff and defendants as tenants in common." In the present action the former husband pleaded this decree as res judicata in bar of plaintiff's claim to an interest in the retirement benefits. A summary judgment for defendants on this ground was reversed on a former appeal. Dessommes v. Dessommes, 461 S.W.2d 525 (Tex.Civ.App.—Waco 1970, no writ). On that appeal the Waco Court of Civil Appeals held:

There is nothing in the record to indicate that the fund in question was "in the possession" of either the husband or the wife, or that it was not held by the employer and the insurance companies. There is no suggestion in the record it was not community property. Consequently, the divorce decree having made no disposition of the property, "the law does not vest title in either husband or in the wife. [If the fund constitutes community property (which we cannot and do not decide from this record)] they both remain owners of the property as tenants in common". [Brackets in original.]

On this appeal defendants argue that the present record establishes that the retirement fund was "in the possession" of the husband at the time of the divorce decree, and, therefore, was set aside to him as his separate property. They point to certain provisions of the retirement plan then in force which gave him control over his equitable interest in the fund through various options he had as an employee, including the rights to determine the time of his retirement, to change the beneficiary of the death benefits, and to convert his retirement plan to a policy of life insurance. We do not believe that "possession" can properly be interpreted as including such intangible contract rights as these. The term is ordinarily understood as referring to property over which the parties have physical control or, at least, a power of immediate enjoyment and disposition. This interpretation is consistent with the authority cited by defendants, Humphreys Oil Company v. Liles, 277 S.W. 100 (Tex. Comm'n App. 1925, jdgmt. adopted), since in that case actual physical control over escaping oil was held to constitute "possession."

Moreover, the parties are bound by a judicial construction of the decree made by the court which rendered it. In 1968 Julia Dessommes filed a motion for correction of the 1963 decree nunc pro tunc, alleging that by oversight the court had omitted a provision to the effect that the rights in the pension plan would thereafter be held by the parties as tenants in common. The court denied this motion by an order which the former husband now pleads and relies on as supporting his present position. His reliance is misplaced. The order recites:

The Court heard the pleadings, the evidence (such evidence being letters in the case file from Coats & Clark Sales Corp. and the docket sheet) and argument of counsel, from which the Court is of the OPINION that the issue raised thereby, namely, the ownership by defendant and plaintiff and by each of them, of the Pension Plan of Coats & Clark Sales Corporation, plaintiff's em-

ployer, or of the funds therein, was not adjudicated by the Court in the trial of this cause, nor was any division thereof between plaintiff and defendant made by the Court.

■ These recitals show that the ground on which the court denied relief was its determination that it had made no adjudication of ownership of the retirement fund at the time of the original decree. In the absence of a direct attack on the order, that determination is conclusive, and, consequently, the original decree cannot now be taken as an adjudication that the former husband is the sole owner of all rights in the retirement plan.

## 2. *Limitation*

■ The limitation question also was raised and decided on the former appeal. On this point the Waco Court of Civil Appeals noted that the record did not establish that the action was barred by limitation as a matter of law because the petition alleged facts showing that a controversy arose March 15, 1968, and limitation · did not begin to run until a controversy arose. On the present appeal the former husband does not point out any evidence tending to show that a controversy arose at an earlier date. He asserts merely that his former wife had the right to bring her action for any interest she had in the retirement plan at any time after the divorce was granted in February 1963. He argues that the action is one for recovery of personal property, which is barred after four years by Vernon's Tex.Rev.Civ.Stat.Ann. art. 5529 (Vernon 1958). We do not agree that a cause of action for recovery of personal property accrued in 1963. Plaintiff's present petition seeks judgment for one-half of the benefits paid to defendant since August 1, 1969, and for a mandatory injunction requiring payment to plaintiff of one-half of all future benefits. This particular cause of action did not arise until the payments began, and any previous cause of action she may have had for dec-

laration of her rights in the fund would have arisen only on a denial or repudiation of those rights. We need not determine whether failure to commence a declaratory judgment action within four years after repudiation of her interest in the fund would bar a subsequent action to recover her share of the benefits paid, since this record shows no such repudiation more than four years before the suit was filed.

■■ On similar grounds we hold that the present record raises no issue of laches. One of the essential elements of laches is unreasonable delay in asserting legal or equitable rights. City of Fort Worth v. Johnson, 388 S.W.2d 400 (Tex.1964). No unreasonable delay can be charged against plaintiff until her cause of action matured on denial or repudiation of her rights. McCampbell v. McFaddin, 71 Tex. 28, 9 S.W. 138 (1888).

## 3. *Extent of plaintiff's interest*

Our principal problem is whether plaintiff's failure to establish the extent of her interest justified the trial court's action in instructing a verdict against her. The record shows that her interest in the benefits was something less than half. The petition alleges that when the parties were married in 1938, defendant Dessommes was employed by Coats & Clark Sales Corporation, or its predecessor, and that he was continuously so employed and was a beneficiary of contributions to various retirement plans during the marriage and afterward until his retirement on August 1, 1969. It is undisputed that when the parties were divorced in February 1963, his interest in the expected retirement benefits was vested in the sense that it was not contingent on further employment. The evidence fails to show either the total amount of contributions made on his behalf or the amounts of those made during the marriage. Documentary evidence establishes that in 1967 the employer and defendant Connecticut General Life Insurance Company entered

into a new retirement plan, which superseded two of the earlier plans and allowed credit for previous contributions. In response to a formal request by plaintiff, defendants admitted that it was impossible to calculate the proportion that the value of contributions to the earlier retirement plans during the marriage bore to the value of the annuity to which he was entitled on August 1, 1969, when he retired.

Plaintiff invoked other discovery procedures, but was not entirely successful. She moved for production of records showing all contributions made to the various retirement plans on behalf of Lawrence Dessommes. In lieu of producing the records requested, defendant Metropolitan Life Insurance Company furnished a statement from its annuities department stating that with respect to its contract, Dessommes had contributed during the marriage $3,137.10, and his employer had contributed $4,977.64, and that these contributions purchased an annuity which would have amounted to $93.71 per month at the time of his retirement. The amounts of these contributions are the only amounts of contributions shown by the evidence. Counsel for defendant Connecticut General Life Insurance Company responded to the same motion with a letter to the trial judge stating that compliance with plaintiff's request would put it to "an enormous amount of detail, work and effort to no purpose whatsoever in disposition of the issues before this court," and took the position that contributions made several years before the divorce would not be relevant.

Also, in 1968, before the suit was filed, plaintiff's attorney wrote to the employer for a copy of the retirement plan. The employer declined and referred her to counsel for her former husband, saying:

> Apart from the difficulty of furnishing you a copy, we would not be inclined to do this voluntarily, anyway. Mr. L. F. Dessomes is our employee and we consider that our first responsibility is to look after his interests in the absence of a court order requiring us to take affirmative action.

■■ Defendants seek to uphold the instructed verdict in their favor on the ground that plaintiff failed to establish the value or extent of her interest in the retirement fund. We conclude that the instructed verdict cannot be upheld on that ground. In this suit to establish plaintiff's interest in the benefit payments rather than to recover a lump sum in cash for the value of her interest, she was not required to establish a total dollar figure as the value of her interest in the retirement plan, either at the time of trial or at the time of the divorce, as would be appropriate in a divorce action involving a division of various community assets including vested rights in a retirement plan or in an action involving apportionment of benefits after death of the employee. *Cf.* Herring v. Blakeley, 385 S.W.2d 843 (Tex.1965). Since she established that she and her husband had a vested interest in the fund at the time of divorce, and since we have determined that this interest was not set apart to him or otherwise adjudicated by the divorce decree, the parties became tenants in common of the fund at that time, and their interests were then presumptively equal because of the presumption that commingled funds are community property. Tex. Family Code Ann. § 5.02 (1971) V.T.C.A.; Tarver v. Tarver, 394 S.W.2d 780, 783 (Tex.1965). Their interests did not remain equal because contributions to the fund continued after the divorce, as she alleges in her petition. Our problem arises from the fact that the amounts of these subsequent contributions, in which she had no interest, are not shown.

■ Although plaintiff has not established the exact extent of her interest in the fund at the time the payments began, she has established at least a minimum interest based on the contributions to the original retirement plan funded by defendant Metropolitan Life Insurance Company. The information furnished by Metropolitan

shows total contributions before the divorce to be $8,114.74 and that the annuity purchased by these contributions would amount to $93.71 per month at actual time of retirement. Although this annuity was merged in the subsequent retirement plan adopted in 1967, the record does not suggest that the amount of ultimate benefits attributable to contributions to the Metropolitan plan were for any reason reduced. Thus plaintiff has shown herself to be entitled to at least one-half of that amount, or $46.85 per month, and the trial court erred in rendering a take nothing judgment against her, even if she had the burden to establish the extent of her interest.

■ Moreover, aside from this minimum interest, and in the absence of any equitable ground to cast the burden of proof on defendants, the trial court was not justified in depriving plaintiff of all interest in the retirement fund by reason of her failure to establish the extent of her interest. Defendants admitted that it is impossible to calculate the proportion that the value of the contributions to the earlier retirement plans during marriage bears to the value of the presently matured annuity. This admission puts defendants in the position of denying plaintiff any participation in the fund in which she has a substantial, but undetermined interest by imposing on her a burden impossible to discharge. No authority is cited to support this position. The correct rule is that when the proportions contributed by several owners to a common fund cannot be established and the equities are equal, the owners must be considered equal tenants in common. Elwyn v. De Garmendia, 148 Md. 109, 128 A. 913 (1925); Jones v. Moore, 160 Eng.Rep. 1041 (Ex.1841); Buckley v. Gross, 122 Eng.Rep. 213 (Q.B.1863) (Blackburn, J., concurring); Annot., 39 A.L.R.2d 555 at 565 (1955). Under this rule, in the absence of any evidence that the contributions to the retirement funds before the divorce were either more or less than the subsequent contribution, they must be considered equal, and plaintiff would be entitled to recover a one-fourth interest in the present benefits by virtue of her presumptive one-half interest in the fund at the time of the divorce.

■ We are not convinced, however, that the equities are equal in this case. We conclude rather that the circumstances shown here justify imposing on the former husband the burden to establish the portion of the commingled retirement fund attributable to contributions since the divorce. The burden of proof is not necessarily determined by which party happens to be in the position of plaintiff. It may rest on broad considerations of fairness, convenience and policy, 9 J. Wigmore, Evidence § 2486 at 275 (3d ed. 1940); 1 C. McCormick & R. Ray, Texas Law of Evidence § 43 at 40 (2d ed. 1956). One of the recognized principles in determining the burden is to place it on the party having peculiar knowledge of the facts to be proved. W. A. Ryan & Co. v. M. K. & T. Ry., 65 Tex. 13 (1885); Beaumont, S. L. & W. Ry. v. Myrick, 208 S.W. 935 (Tex. Civ.App.—Beaumont 1919, writ dism'd); Rowe v. Colorado & S. R., 205 S.W. 731 (Tex.Civ.App.—Amarillo 1918, writ ref'd); 9 J. Wigmore, *supra* at 275; 1 C. McCormick & R. Ray, *supra* at 39. This principle is consistent with authorities holding that one who has innocently commingled another's goods or funds with his own does not gain anything by the commingling, but has the burden of establishing what portion is his. Wright v. Ellwood Ivins Tube Co., 128 F. 462 (C.C.E. D.Pa.1904); Claflin v. Continental Jersey Works, 85 Ga. 27, 11 S.E. 721 (1890); In re Thompson, 164 Iowa 20, 145 N.W. 76 (1914). A fair general rule deducible from the above authorities is that if the parties are shown to have been the equal owners of a fund at a certain time, and one of them is shown to have made additions to that fund in an undetermined amount, the party who made the additions should have the burden to show the amount of the additions.

These authorities persuade us that considerations of fairness, convenience and policy require imposition of the burden on the former husband to prove what portion of the commingled retirement fund is attributable to contributions of his separate property. The commingling of funds was the result of his acts rather than hers. He chose to remain in the same employment and so earned additional contributions to the fund. Although that course was not wrongful, it was certainly beyond plaintiff's control. She had no standing to object and no means short of litigation to preserve the separate identity of her interest. Also, proof of the essential facts is more accessible to him than to her. If he has no records of the contributions to the retirement plans before and after the divorce, he is entitled, as the participating employee, to the co-operation of the employer and of the two insurance companies in obtaining the records, since they are responsible to him for the funds. She has no access to any of the records, or even to copies of the documents on which her rights depend. Her difficulty in obtaining the necessary evidence is shown by the responses of the defendant insurance companies to her motion for discovery and is also shown by the employer's letter before suit refusing her attorney's request for a copy of the retirement plans and referring her to counsel for her former husband. In these circumstances defendants should not be heard to say that plaintiff must lose all her interest in the retirement fund because she did not pursue discovery procedures with sufficient persistence to obtain proof of the exact extent of her interest.

■ Defendants have cited no authorities, and our research has revealed none, which would support imposition of the burden on plaintiff. The only authority they cite is Hutchison v. Hamilton, 14 S.W.2d 823 (Tex.Comm'n App.1929, holding approved), but that case holds only that no damages can be recovered for breach of contract where the proof fails to show either the fact of injury or the amount of damages resulting. If rules governing damages for breach of contract are applicable here, a better analogy may be found in cases holding that uncertainty of the amount of damages will not deprive an injured party of his remedy if the fact of damages is established. Southwest Battery Corp. v. Owen, 131 Tex. 423, 115 S.W.2d 1097 (1938); H. B. Zachry Company v. Ceco Steel Products Corp., 404 S.W.2d 113 at 131 (Tex.Civ.App.—Eastland 1966, writ ref'd n.r.e.).

■ On another trial, if plaintiff establishes, as she did before, a presumption of equal ownership of the fund at the time of the divorce, defendant Dessommes will have the burden to establish the extent of his ownership in the funds attributable to contributions other than those made during the marriage. These figures may not be sufficient in themselves to establish the relative interests of the parties. In ordinary cases of commingling, where the amounts of the contributions are shown, the parties are held to be owners of the commingled mass in proportion to their contributions. Belcher v. Cassidy Brothers Live-Stock Commission Co., 26 Tex.Civ. App., 62 S.W. 924 (Fort Worth 1901, writ ref'd); D. M. Osborne & Co. v. Cargill Elevator Co., 62 Minn. 400, 64 N.W. 1135 (1895); Johnson v. Covey, 1 Utah 2d 180, 264 P.2d 283 (1953). We recognize, however, that the present case is more complex. The retirement fund here is the result of several retirement plans, some of which were superseded by the latest plan adopted in 1967. The funds contributed have been used to establish annuities, and a proper division of the present annuity payments cannot be based strictly on the amount of contributions alone, if the fund has been earning interest, because of the accumulation of interest on earlier contributions. Still, full development of the facts should enable the court and jury to make a fair division, although the result may not be mathematically precise. If the amounts of the contributions to the various

plans before, during and after the marriage are properly proved, expert testimony may be available to establish with reasonable certainty that portion of the present benefits which may be fairly attributed to contributions made by or on behalf of the employee other than those made during the marriage. Plaintiff's interest would be one-half of the portion remaining.

Reversed and remanded.

## ON MOTION FOR REHEARING

Plaintiff has filed a motion for rehearing contending that she is entitled to a full half of the retirement benefits under the "inception of title" rule. She argues that since the parties were married when the employee's interest vested, that interest was community property, just as if it were a tract of land then acquired, and contributions either after the divorce or before the marriage would not affect the parties' equal ownership, although she concedes that on proper pleading and proof her former husband would have the right to reimbursement for enhancement resulting from contributions after the divorce.

 We recognize that the inception-of-title rule is applied to determine the *existence* of a community-property interest in retirement benefits. Busby v. Busby, 457 S.W.2d 551 (Tex.1970); Davis v. Davis, 495 S.W.2d 607 (Tex.Civ.App.—Dallas 1973, writ dism'd). The logic of this rule, however, has not been pushed to a rigorous conclusion in determining the *extent* of the community interest. In cases involving military retirement pay, the San Antonio Court of Civil Appeals has apportioned the benefits by awarding a community-property interest based on the number of months the parties were married during the qualifying period. Webster v. Webster, 442 S.W.2d 786 (Tex.Civ.App.—San Antonio 1969, no writ); Mora v. Mora, 429 S.W.2d 660 (Tex.Civ.App.—San Antonio 1968, writ dism'd); Kirkham v. Kirkham, 335 S.W.2d 393 (Tex.Civ.App.—San Antonio 1960, no writ). These opinions do not explain the rationale of recognizing a separate-property interest based on service before marriage and before vesting of any property interest. The assumption seems to be that retirement benefits should be treated as separate property to the extent that they represent deferred compensation for services rendered before marriage, and apparently the San Antonio court has considered it inequitable to award a full community interest in retirement benefits attributable to services rendered over a long period of time, a substantial part of which may have elapsed before the marriage. The apportionment theory has been discussed favorably by legal writers. Dutton, the Wife's Community Interest in Her Husband's Qualified Pension or Profit-Sharing Plan, 50 Texas L.Rev. 334, 341 (1972); Comment, Military Retirement Benefits as Community Property, 25 SW.L.J. 340, 343 (1971). In *Busby* the Supreme Court comments with approval on the opinions in *Mora* and *Kirkham,* but does not discuss the apportionment point and does not follow them in that respect. Although the law on this point cannot be regarded as settled, we conclude that the apportionment theory does substantial justice in determining the extent of a community-property interest which has vested during the marriage. Accordingly, we adhere to the instructions in our original opinion.

 The former husband contends in his motion for rehearing that we erred in holding that the parties are bound by the 1968 order of the domestic relations court refusing to correct the divorce decree nunc pro tunc. He argues that since the court's jurisdiction in that proceeding was limited to determination of whether the written decree as entered conformed to the decree as originally pronounced, the court had no power to make a fact finding as to what was adjudicated in the 1963 divorce suit. We do not agree. In order to correct a judgment nunc pro tunc, the court

**682**

must find as a fact that the judgment as entered did not conform to the judgment originally pronounced and that the variance was the result of a clerical mistake. Kostura v. Kostura, 469 S.W. 2d 196 (Tex.Civ.App.—Dallas 1971, writ dismissed). Here the court found as a fact that ownership of the retirement plan "was not adjudicated by the Court in the trial of this cause, nor was any division thereof between plaintiff and defendant made by the Court." The judge could make that finding on the basis of the available evidence (docket sheet, letters, etc.) even though he was not the judge who pronounced the original decree. Having so found, the court was required to examine the written decree to determine whether it conformed to his finding concerning the original pronouncement. This determination necessarily involved interpretation of the decree. Apparently the judge interpreted it as conforming to the original pronouncement, since he denied the motion to correct it nunc pro tunc. His construction of the decree for that purpose was within the court's jurisdiction to determine whether its records spoke the truth. Accordingly, it was a binding determination which the parties cannot now attack.

The former husband also urges in his motion that we erred in holding as a matter of law that plaintiff's claim was not barred by limitations or laches. Our opinion should not be construed as preventing defendants from offering proof on these issues in another trial. We hold only that neither limitation nor laches has been established in the present record as a matter of law, and, consequently, that the instructed verdict for defendant cannot be sustained on these grounds.

We have considered the other points urged in the motion and find no merit in them. All motions for rehearing are overruled.