Willie JACKSON, Jr., Appellant,

v.

Clara M. GREEN, a/k/a Clara M. Jackson, Appellee.

No. 13–85–300–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 10, 1985.

Rehearing Denied Nov. 21, 1985.

Walter Knowles, Dallas, for appellant.

Henry Ridgeway, San Antonio, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

OPINION

BENAVIDES, Justice.

This is an appeal from a suit partitioning the appellant's military non-disability retirement benefits not apportioned by the parties' divorce decree.

The facts are undisputed. The Jacksons were married on October 9, 1954 and were divorced August 2, 1973. Appellant was a member of the Air Force from February 10, 1954 to February 10, 1958, and then re-enlisted from April 10, 1958 until retirement on July 31, 1979. Appellant has received retirement benefits continually since August 1979. The Jacksons were married 224 months of the 303 months appellant was in the Air Force. The divorce decree failed to dispose of the parties' interest in appellant's military retirement benefits.

Appellee brought a suit for partition of appellant's retirement benefits and a judgment in her favor was entered on June 19, 1984, awarding her a money judgment of $13,286.75 (36.96% of appellant's retirement benefits paid to him since June 26, 1981) and a like percentage (36.96%) of all future military retirement benefits. We affirm the judgment of the District Court.

Appellant brings two points of error, stating:

1. [T]he District Court abused its discretion in awarding Plaintiff 36.96 percent of Defendant's military retirement pay because the finding is against the great weight of the evidence that was factually insufficient in determining whether plaintiff should be awarded 36.- 96 percent of Defendant's retirement pay at its present value rather than calculated on his rank at the time of divorce.

2. The District Court erred in awarding plaintiff a money judgment of $13,286.75 which represents 36.96 percent of retirement pay received by defendant from June 26, 1981 to the trial date since the court did not have the authority to reduce said sum to a money judgment and was limited to matters raised by the pleadings.

I.

In support of his first point of error, appellant alleges that "there were vital facts that could have been ascertained by the court in making a proper determination as to the value of defendant's military retirement at the time of divorce which appellant contends was the proper amount that plaintiff was to receive, 36.96 percent, if any at all, and not the value of his retirement at trial."

It is well established that military retirement benefits should be apportioned to the spouses based upon the value of the community's interest at the time of divorce. *Berry v. Berry*, 647 S.W.2d 945, 947 (Tex. 1983). It has further been held that retirement benefits should be calculated on the basis of the serviceman's rank or grade at the time of divorce and not on the basis of subsequent promotions. *Shappell v. Shappell*, 544 S.W.2d 807, 809 (Tex.App.—El Paso 1976, no writ).

Appellant appears to assert that as a matter of law the trial court should have considered his rank *at the date of divorce* in calculating his ex-spouse's interest in his military retirement benefits. Because the lower court did not consider the vital facts necessary to make such a determination, Mr. Jackson argues this cause should be remanded to consider appellant's rank at the time of divorce.

Appellant, however, overlooks the vital fact that no evidence determining his rank at the date of the Jacksons' divorce was *offered* for the District Court's consideration in ascertaining a proper award. The burden of proof is not necessarily determined by which party happens to be in the position of plaintiff. *City of Houston v. Jones*, 679 S.W.2d 557 (Tex.App.—Houston [14th Dist.] 1984, no writ). One of the recognized principles in determining the burden is to place it on the party having *peculiar knowledge* of the facts to be proved. *Dessommes v. Dessommes*, 505 S.W.2d 673, 679 (Tex.App.—Dallas 1973, writ ref'd n.r.e.) (emphasis added). As in *Dessommes*, the circumstances shown here

justify imposing on the former husband the burden to establish his rank or grade at the time of divorce and the value of his military retirement benefits at the time of divorce.

As stated by the Dallas Court of Appeals in *Dessommes*, at 680:

[T]he commingling of funds was the result of his acts rather than hers. He chose to remain in the same employment and so earned additional contributions to the fund. Although that course was not wrongful, it was certainly beyond plaintiff's control.... Also, proof of the essential facts is more assessible to him than to her.

Defendants have cited no authorities, and our research has revealed none, which would support imposition of the burden on plaintiff.

As the Austin Court of Appeals pointed out in *Boniface v. Boniface*, 656 S.W.2d 131 (Tex.App.—Austin 1983, no writ), at 135:

[I]t should be noted here that appellee was not required to establish a total dollar figure of the value of her interest in contributions to the retirement program. Appellee was required only to establish a vested community interest in the retirement benefits which existed at the time of the divorce. Since no disposition was made of the property in the divorce decree, the parties became tenants in common of the benefits at that time, and their interest were presumptively equal. *Dessommes v. Dessommes*, 505 S.W.2d 673, 678 (Tex.App.—Dallas 1973, writ ref'd n.r.e.), and authorities cited therein.

▮▮▮ As occurred in *Boniface*, the appellant in this case has offered no evidence to aid the district court in arriving at a different judgment. There was no offer of proof of appellant's rank or grade at the time of divorce versus his rank at the time of retirement. Most significantly, there is no indication that the appellant either requested or obtained any findings of fact or conclusions of law on this appeal. TEX.R. CIV.P. 296, 413. When there has been no request for findings of fact or conclusions

of law, this Court must affirm the judgment on any theory of law supported by the evidence. *Seaman v. Seaman*, 425 S.W.2d 339 (Tex.1968). Appellee established her vested community interest in the retirement benefits which existed at the time of divorce. Although the courts will generally examine retirement benefits in light of the serviceman's rank at divorce, appellant failed to fulfill his burden of proving his rank at the time of divorce. Considering all of the evidence properly before the Court we find that the trial court did not abuse it discretion, as complained of by appellant, in that the evidence was sufficient to allow the award made by the court. Appellant's first point of error is overruled.

## II.

In his second point of error the appellant claims that Mrs. Green should not receive a money judgment for a portion of his retirement pay because (1) the District Court had no authority to award a money judgment and (2) was limited to matters raised by the pleadings.

First, the District Court acted within its authority when it awarded appellee a money judgment for her community property portion of appellant's military retirement benefits from June 26, 1981, to the date of trial. In response to the Supreme Court's decision in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), Congress passed the Uniformed Services Former Spouses' Protection Act (the Act), codified at 10 U.S.C.A. § 1408 (West 1983). The section of that act relevant to this appeal provides:

[S]ubject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court. *Id.* at § 1408(c)(1).

A reading of the legislative history of the Act shows that Congress intended that the Act nullify the effect of *McCarty;* that is, state courts were to apply state substantive law as if *McCarty* had never existed. *Trahan v. Trahan,* 682 S.W.2d 332, 335 (Tex.App.—Austin 1984, writ ref'd n.r.e.). Under the Act, a divorce court may divide military retirement pay between the spouses in accordance with the law of the jurisdiction of that court. The Act limits such division of retirement pay to periods beginning after June 25, 1981. *Cameron v. Cameron,* 641 S.W.2d 210 (Tex.1982). That is exactly what the lower court has done in this case.

The appellant has clearly misread the court's holding in *Cameron,* for it appears, under *Cameron,* that any retirement pay due to members for pay periods beginning after June 25, 1981, are subject to Texas community property laws. *Hackrider v. Morales,* 686 S.W.2d 712 (Tex.App.—San Antonio 1985, no writ). Appellant claims that *Cameron* requires courts to award only *present* and *future* benefits. The appellant quotes the *divorce decree* in *Cameron,* however, and *not* the judgment of the Supreme Court of Texas. Under the pre-*McCarty* divorce decree, dated March 29, 1979, Sue Cameron had been awarded "thirty-five (35%) of the gross present and future military retirement presently being received." *Cameron* at 213. In light of the new Act, the Court affirmed the award for the pay period beginning *after* June 25, 1981, disallowing entitlement for the period from March 29, 1979 to June 25, 1981. The Court did not address the question of whether a spouse who brings suit for partition in 1984 may be allowed recovery from June 26, 1981, into the future. Yet the language of the Act permits courts to grant awards *from* June 26, 1981.

■ Filing suit for partition of military retirement benefits on April 21, 1983, did not, therefore, preclude appellee from receiving benefits from June 26, 1981, to the date of trial.

The district court did not err in awarding appellee a money judgment for part of her interest in the military retirement benefits. *Busby v. Busby,* 457 S.W.2d 551, 552 (Tex. 1970); *Berg v. Berg,* 115 S.W.2d 1171 (Tex. Civ.App.—Fort Worth 1938, writ dism'd); *Kenton v. Clark,* 67 S.W.2d 437 (Tex.Civ. App.1934, writ ref'd.). In *Boniface,* at 135, it was determined that "the trial court properly granted partition to appellee of what the court determined was her community share ($19,875.73) of benefits *previously paid* to appellant, and granted partition to appellee of what it found to be her community share of all future benefit payment." (emphasis added.)

Furthermore, in *Busby,* the Texas Supreme Court noted that "the Court of Civil Appeals affirmed the trial court action of awarding the wife thirty percent of the retirement pay account, instead of the correct 27.8% as argued by the husband, on the theory that the trial court is vested with a wide discretion in adjudicating a partition of the community estate in cases of divorce." *Busby* at 552.

■ Appellant also claims in his second point of error that the district court was limited to matters raised by the pleadings and therefore erred in awarding a money judgment.

Plaintiff's Original Petition, paragraph III and IV states:

[T]he Decree of Divorce described above failed to dispose of the parties' community property interest in the military retirement benefits provided under a plan provided by the United States Air Force, of which defendant was a member as defined by Section 1408(a)(5) of the Uniformed Services Former Spouses' Protection Act (the Act). Therefore, plaintiff and defendant are co-owners of the above-described property. Plaintiff's share of the property consists of an undivided one-half share of the retirement benefits earned during the parties' marriage.

Plaintiff seeks a partition of the above-described property between plaintiff and defendant in accordance with their respective interest. Plaintiff does not

know the present value of the property, but will discover same after the institution of this suit.

It is this Court's opinion that the District Court did limit itself to matters raised by the pleadings; i.e., the partition of appellant's military retirement benefits. Appellant's second point of error is overruled.

The judgment of the trial court is AFFIRMED.